(110 App. Div. 894)

### DOOLEY v. BOOTH et al.

(Supreme Court, Appellate Division, Second Department. December 8, 1905.)

SHIPPING—NEGLIGENT HANDLING OF SCOW—EVIDENCE—SUFFICIENCY.

　　Evidence in an action for negligence in the handling of a scow, in possession of defendant under contract to transport scows to a certain place and unload them and return them, examined, and *held* to support a finding of negligence of defendant's captain in charge of unloading and unmooring the scow, authorizing a verdict for plaintiff.

Appeal from the Municipal Court of New York.

Action by John J. Dooley against Alfred W. Booth and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ..

Mark Ash (William Ash, on the brief), for appellants.

Calvin D. Van Name, for respondent.

HIRSCHBERG, P. J. The plaintiff has recovered a judgment for damages to his dock, boats, and other property, occasioned by a scow which was cast adrift in a violent storm and collided with the property. The charge is negligence. The plaintiff first sued the alleged owners of the scow, and recovered a judgment, which we reversed. See Dooley v. Healey, 95 App. Div. 271, 88 N. Y. Supp. 965. The ground of the reversal was that upon the record as then presented it appeared that the scow was by charter in the possession and under the control of the street cleaning department of the city of New York. The decision was on the authority of Anderson v. Boyer, 156 N. Y. 93, 50 N. E. 976, wherein it was held that, where a third person is injured by the negligence of the captain of a chartered boat in unloading it, the captain is deemed to have been acting as the servant of the charterer, and not of the owner.

The present action is against the members of a firm which, as it now appears, was at the time of the accident in the possession and control of the scow under a contract with the city by which the defendants agreed to transport the department scows, loaded with street refuse, from the city dumps to Staten Island, to unload them there, and to return them unloaded to the city dumps. The scow in question had been towed by the defendants to Staten Island and unloaded, and it went adrift while being unmoored after the unloading in a severe gale. The main defense interposed and litigated at the trial was that the vessel became derelict by reason of the negligence of its captain, a servant of the owners; but the evidence preponderates in favor of the theory upon which the judgment has been rendered, viz., that the negligence which cast the scow adrift was that of the captain of the defendant's "digger" at Staten Island, who was in charge of the unloading and the unmooring. The scow was towed to Staten Island by a tug of the defendants, was there fastened by the defendants' servants to the digger, which was used by the defendants in unloading it, and after it was unloaded it was loosened by the captain of the digger, notwithstanding the storm and the protests of the captain of the scow. There was some evidence that the captain of the scow was not as vigilant and alert as he might have been in his efforts to avert the disaster; but the finding is abundantly supported that the scow was all the while in the legal charge and control of the defendants, and that the proximate cause of the mischief was the carelessness of their employé.

The judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.