CONRAD KOHRN, Respondent, v. BOYER LIGHTERAGE CORPORATION, Appellant.— Action to recover damages for personal injuries suffered by plaintiff while working on a lighter owned by the defendant and at a time when it was in the possession and control of plaintiff's employer under a charter party. Judgment for the plaintiff reversed on the law and the facts and a new trial granted, with costs to abide the event. The plaintiff's employer, Evans Transportation Corporation, was the special owner of the lighter at the time the accident happened. It was in possession and complete control of the lighter as a consequence of a charter party or maritime agreement with the owner of the lighter, the defendant herein. The fact that the captain of the lighter was carried on the defendant's payroll, that gasoline used to operate the machinery, etc., of the lighter was furnished by the defendant, and that the duty of repairing the lighter rested on the defendant, gave rise to no questions of fact having legal significance in connection with the

charter party, evidenced in writing and by oral testimony, establishing that the pay of the captain was a segregated item in the hire of the lighter and was paid by the employer of the plaintiff, who had complete dominion and control of the lighter and the captain during the period of the charter. (*Naposki* v. *McAllister Lighterage Line, Inc.*, 257 N. Y. 611; *Anderson* v. *Boyer*, 156 id. 93; *Dooley* v. *Booth*, 110 App. Div. 894; *United States* v. *Cornell Steamboat Co.*, 267 U. S. 281; *United States* v. *Shea*, 152 id. 178; *Graves* v. *Davis*, 235 N. Y. 315.) In the *Naposki* case (*supra*), in a situation substantially similar to that which obtains herein, the case of *Bartolomeo* v. *Bennett Contracting Co.* (245 N. Y. 66), upon which plaintiff relies, was rejected as having no controlling effect (232 App. Div. 802). The complaint may not be dismissed as defendant did not except to the denial of its motions to dismiss. This court acts in the interests of justice, and on the error of the court in failing to grant the motion to set aside the verdict as contrary to law, which may be reviewed on the appeal from the judgment. Hagarty, Carswell, Johnston and Adel, JJ., concur; Lazansky, P. J., concurs in the result.