The Dime Savings Bank of Brooklyn, Respondent, v. Herbert Berri and Others, Defendants, and Putnam Theatrical Corporation, Appellant.— In an action under section 500. *et seq.* of the Real Property Law, for a declaration that certain restrictive covenants contained in a deed are no longer operative, and for incidental relief, judgment in favor of plaintiff, in so far as appealed from, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ. [176 Misc. 334.]

Giovanni Di Stefano, Appellant, v. Anthony O'Boyle, Inc., Respondent.— Action to recover damages for personal injuries sustained by plaintiff during the alleged negligent operation of a crane at a time when it was in the possession and control of plaintiff's employer under a charter party. Judgment dismissing the complaint reversed on the law and a new trial granted, costs to abide the event. Appeal from the decision dismissed, without costs. The motion to dismiss the complaint should have been granted before the issues of fact were submitted to the jury because the defendant is not liable in negligence to the plaintiff. (*Kohrn* v. *Boyer Lighterage Corp.*, 262 App. Div. 762.) The verdict was properly set aside as contrary to law; but the trial court was without power to dismiss the complaint since it had denied motions to dismiss the complaint which were made before the issues were submitted to the jury. (*Dougherty* v. *Salt*, 227 N. Y. 200; *Griffith* v. *Southfield Beach R. R. Co.*, 240 App. Div. 845.) Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

Lucile M. Ferguson, Respondent, v. Joseph B. Ferguson, Appellant.— Action for judgment of separation. Amended judgment for plaintiff unanimously affirmed, with costs. There is evidence that for some time prior to the actual departure by defendant in November of 1938, he had suggested, planned and prepared for such an event. Although such departure in itself did not constitute abandonment, he failed to make any offer to return, at least prior to October of 1939. It was within the province of the learned trial court to find that the separation had hardened into an abandonment, that the offer to return was not made in good faith and that plaintiff was justified in refusing to accept the subsequent offers of the defendant to return. Under such circumstances, the defendant's refusal to continue contributions for support of the plaintiff after October 1, 1940, was a violation of his obligation of support. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.

Mathilda Forcello and Michael Forcello, Respondents, v. Antonio Germano and Olimpia Germano, Appellants.— Order denying, conditionally, motion of defendant Olimpia Germano to dismiss plaintiffs' complaint affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.