THERESA GELARDI, Plaintiff, *v.* GENNARO GELARDI, Defendant.

Supreme Court, Special Term, Westchester County, December 5, 1953.

*Dante S. Alberi* for plaintiff.

*Charles S. Friedman* for defendant.

EAGER, J. This is an action by plaintiff wife for a separation. In the opinion of the court, the plaintiff has failed to establish cruel and inhuman treatment of the plaintiff by the defendant, and she has failed to prove such conduct on his part as would render it unsafe and improper for her to cohabit with him. The plaintiff utterly failed to establish her charge " that the defendant has been consorting openly and notoriously with

another woman." In fact, the proof of the plaintiff, tending to show frequent bickering and incompatibility, and the failure of defendant to adequately support his family, does not authorize a decree of separation upon the ground of cruel and inhuman treatment.

The court, however, finds that the defendant did abandon the plaintiff and has neglected and refused to provide for her. Independent of the records of the Children's Court, it was established that the defendant neglected and refused to support his wife in accordance with his means during the years 1945, and 1946, and prior thereto. The defendant, in July, 1946, left the marital home which was owned jointly by the parties and he has contributed nothing for the support of his wife and children since such leaving. The court finds that he voluntarily left such home, and that he did not thereafter offer or attempt in good faith to return to such home. In any event, the separation originating in 1946, hardened into an abandonment (see *Ferguson* v. *Ferguson*, 263 App. Div. 878), and the court is of the opinion that the offer now made by defendant to return to his wife is not made in good faith. Therefore, the plaintiff is justified in refusing to accept such offer. (See *Ferguson* v. *Ferguson, supra.*)

Decision was reserved on an offer in evidence by plaintiff of the orders and records of the Children's Court of Westchester County in proceedings brought therein during the period from 1931 to 1948 against defendant to secure support for his wife and children. The court will receive the orders of the Children's Court rendered between December 22, 1943, and March 1, 1949, and the balance of the orders and records so offered are rejected. The orders of the Children's Court between the specific dates aforesaid cannot be said to be wholly irrelevant or to be incompetent and are to be considered with all the other evidence in the case. (See *Matter of Rechtschaffen,* 278 N. Y. 336, 340, 341.)

It is to be noted, however, that the orders of the Children's Court are not *res judicata* on the question of nonsupport. The issue before the Children's Court had solely to do with the obligation of the husband to support *his wife and children* according to his means as determined *by that court*. On the other hand, the question before the Supreme Court in an action for separation is whether, under all the circumstances present in the particular case, there has been an unjustified neglect or refusal on the part of the husband to provide *for his wife* to the extent warranting the granting of a decree of separation.

The proceeding in Children's Court looks toward the enforcement of support for a wife and children, while the action in Supreme Court is for an adjudication as to the marital status of a husband and wife. There is lacking an identity of issues which is a prerequisite to the application of the doctrine of *res judicata*. (See *Loomis* v. *Loomis,* 288 N. Y. 222, and *Matter of Lentz,* 247 App. Div. 31.) It is well settled that where the issue in a second action differs in any way from that in an earlier action or proceeding, a plea of *res judicata* based upon a determination of such earlier action or proceeding, is not available. (See *Good Health Dairy Products Corp.* v. *Emery,* 275 N. Y. 14, 18.) In any event, it is clear that the Supreme Court, in an action for separation, must determine for itself the issue of nonsupport with a full consideration of the mutual rights and responsibilities of the husband and wife in light of the special circumstances present in the particular case. The orders of a Children's Court in support proceedings are not conclusive on the issue of nonsupport but may be considered with other evidence in the determination of such issue.

The defendant is a hod carrier. His work is dependent upon good weather. His earnings for year 1952, after deductions, were $2,076. I find that the net take home income of the defendant, after deductions, should average approximately $2,000 to $2,500 a year. The wife has possession of a house and lot standing in the joint names of the parties, and the rooms thereof, other than those occupied by the wife, are rentable and are being rented to her children for approximately $225 a month. She is also receiving an allotment of $40 a month from one son who is in the service. All children under twenty-one are self-supporting. Alimony is fixed at $15 a week and the judgment herein may, pursuant to section 1164-a of the Civil Practice Act provide that plaintiff shall continue to have possession of the premises aforesaid.

The motion for temporary alimony and counsel fees referred to this court is granted. Temporary alimony fixed at $20 a week from August 28, 1952, to October 15, 1952, at which time the youngest daughter went to work, and thereafter at $15 a week. Counsel fee is fixed at $500.

This memorandum may stand as the decision of the court.

Submit order and judgment on notice. No costs.