(80 Misc. Rep. 377.)

### In re KLEIN.

(Surrogate's Court, Oneida County. April, 1913.)

1. GUARDIAN AND WARD (§ 64*)—ACCOUNTING.

Where money belonging to a ward was applied by his general guardian to her personal use, her estate was chargeable with the amount thereof less the expense of her appointment.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 294–299; Dec. Dig. § 64.*]

2. WILLS (§ 808*)—CONSTRUCTION—GUARDIAN AND WARD.

Where the will of a guardian who had used the funds of her ward gave all her property to her daughter and to the ward, her grandchild, to be divided equally between them, and provided that in case of the death of her grandchild before becoming of age his share should go to her daughter, the bequest to the grandchild did not include the sum due him from the testator as guardian.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2104; Dec. Dig. § 808.*]

3. GUARDIAN AND WARD (§ 30*)—ALLOWANCE FOR CARE OF WARD—WILLS.

Where the father of a ward bequeathed certain property to the guardian on condition that she care for the ward until he became of age, and where the guardian accepted such bequest, the estate of the ward could not thereafter be charged with the expense of his care by the guardian.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 116–135; Dec. Dig. § 30.*]

Judicial settlement of the account of Christian Klein, as executor, etc., of Minnie A. Klein, executrix of the last will and testament of Clara J. Kaiser, deceased, of her proceedings as general guardian of Raymond E. Westerman, deceased. Decreed according to opinion.

Henry F. & James Coupe, of Utica, for executor, Christian Klein.

Walts & Young, of Ft. Plain, for John G. Ludwig, as general guardian of Raymond E. Westerman, minor.

Geo. E. Dennison, of Utica, special guardian for Raymond E. Westerman, minor.

SEXTON, S. On August 6, 1906, Clara J. Kaiser was appointed general guardian of the person and property of Raymond E. Westerman, an infant, and on August 5, 1907, died without having accounted.

January 24, 1908, Minnie A. Klein was appointed general guardian of said infant, and died on March 29, 1910. She never accounted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

November 3, 1911, John G. Ludwig was appointed general guardian of said infant and petitioned for a compulsory accounting in the estate of said Clara J. Kaiser of her proceedings as general guardian of the person and property of said infant. Thereafter, Christian Klein, as executor of the estate of Minnie A. Klein, who was executrix of the estate of Clara J. Kaiser, took proceedings for a voluntary accounting, and cited the bondsmen of said Clara J. Kaiser and said minor to attend said accounting. On the return of the citation in said proceedings, the said John G. Ludwig, as general guardian of said infant, filed objections to the account as filed by said Christian Klein.

The issues made by the objections were tried. It appears that Frederick Westerman was insured in the Maccabees in favor of his infant son, Raymond E. Westerman, in the amount of $1,000. He died July 17, 1906. Clara J. Kaiser as the general guardian of said infant, Raymond E. Westerman, received said sum and deposited the same in the Utica Savings Bank on August 24, 1906. It is conceded that said guardian used $717.81 of said sum to change a barn on her land into a house. Receipts for this amount were produced.

[1] The bank records clearly establish that $950 of said $1,000 was drawn from the bank by said Clara J. Kaiser, as said general guardian. No order therefore was obtained from any court. There should be deducted $15, the expense of her appointment. There seems to be no question but that the sum of $935 was used in converting a barn, the property of said Clara J. Kaiser, into a house. It is insisted by the present guardian of said infant that such use of said infant's money was unauthorized and illegal, and that the estate of said Clara J. Kaiser should be charged with said amount.

Section 85 of the Domestic Relations Law (Consol. Laws 1909, c. 14) provides:

"A guardian holding trust funds for investment has the powers provided by section one hundred and eleven of the decedent estate law for an executor or administrator."

Said section 111 of Decedent Estate Law (Consol. Laws 1909, c. 13) provides:

"An executor, administrator, trustee or other person holding trust funds for investment may invest the same in the same kind of securities as those in which savings banks of this state are by law authorized to invest the money deposited therein," etc.

Savings banks, under section 146 of the Banking Law (Consol. Laws 1909, c. 2), are not authorized to invest deposits in real estate, and can only deal in real estate as provided by the exceptions set out in section 147 of said Banking Law, which does not include a transaction of the character under consideration.

It has been held that a guardian cannot invest funds of his ward in a mortgage upon property of his own, which he conveyed to the ward's father after the receipt of the said funds, and, if the mortgage subsequently proves to be an insufficient security, the ward may repudiate the transaction and recover the amount of the funds. Matter of Terry, 31 Misc. Rep. 477, 65 N. Y. Supp. 655.

"Where a guardian advances money out of his own pocket, for the erection of buildings upon the land of his ward, without the order of a court of equity, he cannot recover the amount from his ward. Hassard v. Rowe, 11 Barb. 22; Copley v. O'Niel, 57 Barb. 299.

"A guardian of an infant cannot contract for an exchange of real estate of the minor, nor can the minor, by any act of his, ratify any such contract. It is absolutely void, and an action to compel a specific performance of it cannot be maintained." Bellinger v. Roatstone, 6 Wkly. Dig. 69.

In Matter of Bolton, 159 N. Y. 129, 53 N. E. 756, it was held:

"The Surrogate's Court has no authority to direct a conversion of an infant's property from personalty into realty, by which the infant will be bound on attaining majority, or by which the devolution or disposition of the property will be bound in case of the infant's death under age. * * * The investment of a small part of the personal property of a minor, married and keeping house with her husband, in the purchase of a suitable dwelling house to be used as a residence for herself and family, made by her general guardian at her request and pursuant to an order of the surrogate, does not change the money so invested from personal property into real estate, with reference to the statutes of descents and distributions. * * * It is needless to add that the general guardian had no power to buy real estate with the personal property of his ward, of his own motion and without the direction of any court."

[2] It is urged by the accounting party that, said Clara J. Kaiser having by her will made certain provisions for the minor, it was her intention thereby to restore to him, in property value, the amount used by her in remodeling said barn.

If she had such an intention, she failed to make it effective by the provisions of her will. By that instrument she gave all of her property to her daughter, Minnie A. Klein, and to said infant, Raymond E. Westerman, to be divided equally between them, share and share alike.

The third provision of her will provides:

"In case of the death of my said beloved grandchild, Raymond E. Westerman, before he arrives at the age of 21 years, the share of my estate and property given to him, shall go and belong to my daughter, Minnie A. Klein, absolutely and forever."

The will appointed Minnie A. Klein sole executrix with full power and authority to sell all of the real estate belonging to the testator, and also appointed said Minnie A. Klein trustee of the property given said infant until he attained the age of twenty-one years. After a careful perusal of the will of said Clara J. Kaiser, I am convinced that by no process of mental gymnastics can a reasoner reach the conclusion that the testatrix, at the time of the making of said will, had in mind the $1,000 which she held as guardian, belonging to said infant, or intended by said will to do more than to add to the infant's estate the portion provided for him by her said will in the event of his attaining his majority.

The construction urged by the accounting party cannot be placed on said will, and should not be, because the provision therein was subject to be defeated by the death of the infant before his majority. The $1,000 that he had absolute title to, which would pass to his heirs upon his death, rest upon a secure foundation, and a gift by will, de-

pending upon the continuance of life for a number of years, could not be substituted therefor.

[3] The accounting party concedes that Clara J. Kaiser received said $1,000, then credits her estate with $960 for board of the infant from July 23, 1906, to August 5, 1907, at $3 per week, and $15, the expense of her appointment as general guardian. This credit is objected to and cannot be allowed for the reason that Frederick Westerman by his will probated August 6, 1906, bequeathed unto Clara J. Kaiser all his interest in the real estate known as No. 142 Albany street and 215 Jefferson avenue, upon the condition that she would take care of his son, Raymond E. Westerman, until he became of age. Clara J. Kaiser was named as executor in the will, procured the same to be probated, took letters, and accepted its terms. It thereupon became her duty, in consideration of having accepted the provisions of said will, to comply with the requirements thereof as to the care and maintenance of said infant.

It follows from the facts presented that the estate of Clara J. Kaiser should be, and the same hereby is, charged with the $935, illegally expended by her, as general guardian, out of said insurance money belonging to said infant, together with interest thereon from October 1, 1906, at 3½ per cent.

It appears that Minnie A. Klein received $50 from the estate of Clara J. Kaiser, belonging to said infant, and that she was his general guardian for a time, and his trustee under the will of Clara J. Kaiser; still her acts in either of said capacities cannot be inquired into in this accounting, which deals only with the acts of said Clara J. Kaiser, as general guardian of said infant.

No funds or property of the estate of Clara J. Kaiser, as general guardian of said Raymond E. Westerman, having actually come to the hands or into the possession of said accounting party, Christian Klein, a decree may be entered passing his account as modified by this decision.

Decreed accordingly.