THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERALD E. BENNETT, Appellant.— Appeal from order of the Children's Court, county of Nassau, directing defendant to pay eight dollars weekly for the support of his wife and child, dismissed, without costs. Under section 43 of the Children's Court Act of the State of New York (Laws of 1922, chap. 547, as amd. by Laws of 1930, chap. 393), which applies to Nassau county, the appeal should have been taken to the Supreme Court in that county and heard by a justice at chambers or at Special Term. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN MCCLEAN, Appellant.— Judgment of conviction of the County Court of Orange county reversed on the law, the indictment dismissed, defendant discharged and bail exonerated. Appeal from orders dismissed. The crime charged in the indictment, second count, was the buying and receiving of stolen and wrongfully acquired property contrary to section 1308 of the Penal Law. The stolen property was concededly received by the defendant in Kings county, but the defendant was convicted of concealing or withholding the stolen property in Orange county. This conviction was not justified under the indictment presented. This court further certifies that it has reviewed the facts and is satisfied with the judgment in that respect. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SALVATORE JOSEPH ROMETO, Alias SALVATORE ROMETO, Appellant.— Judgment of the County Court of Queens county convicting defendant of the crime of criminally receiving stolen property unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LESTER SCHUMER, Respondent.— Order of the County Court of Kings county sustaining demurrer and dismissing the indictment reversed on the law, the demurrer overruled and the indictment reinstated. The inquiry made of the defendant when he executed the bail bond and signed the affidavit of justification was of a material fact and justified under the provisions of sections 569, 572, 573 and 575 of the Code of Criminal Procedure. (See *People* v. *Davis*, 122 App. Div. 569.) Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.