In the Matter of the Estate of BERTHA COHN, Deceased.

Surrogate's Court, Kings County, January 30, 1936.

*Levy & Hartman,* for Joseph M. Cohn and others, as executors and trustees, petitioners.

*Charles A. Clayton,* special guardian for Joan Hazel Adler and Carol Jane Adler, infant contingent remaindermen.

WINGATE, S. Being presumably a reasonably informed member of the community, the court does not require the submission of newspaper clippings to convince it that legally authorized trust investments yielding a clear income of five per cent are presently rare, if not indeed substantially improcurable. This would furnish a reasonable ground for an application by the fiduciaries to be relieved from the necessity of following that portion of the testamentary directions which limited the legally authorized securities

in which they should be permitted to invest to those producing "an income of not less than five per cent per annum." The trustees can not be required to do the impossible, and in so far as an impossible condition has been imposed, non-compliance therewith will ordinarily be excused.

The extent of such authority, however, does not transcend the necessities of the case. In the will at bar the testatrix, in effect, made a dual direction, namely, *first*, that investment should be made in legally authorized investments, and *second*, that no security should be purchased which did not yield an income of at least five per cent.

If the allegations of the petition are true, the second limitation is impossible of performance. This, however, in no wise affects the obligation of the fiduciaries in respect to the first, which still remains a condition governing the gift by the testatrix of property which belonged to her, and is fully capable of effectuation.

The parties now propose to "invest" the trust fund in a single payment life insurance policy. Such a placing of funds is not a legally authorized investment (*Matter of Vanderbilt*, FOLEY, S., 129 Misc. 605, 607; *Matter of Rooney* v. *Wiener*, 147 id. 48, 49), and were the court to countenance such action it would condone flouting of the testamentary wish, in a manner quite unjustified by any necessities of the case.

The application is accordingly denied.

Enter decree on notice.