" CARRIE MORGAN ", Petitioner, *v.* " FREDERICK MORGAN ", Respondent.*

Domestic Relations Court of the City of New York, Family Court, Bronx County, January 5, 1948.

* The opinion as filed sets forth the true names of all parties but as here published substitutes fictitious names and disguises certain other details, in consonance with the spirit of N. Y. City Dom. Rel. Ct. Act, § 52 (L. 1933, ch. 482).

**54**

*Edward J. Curtin* for petitioner.

*James A. Kenney* for respondent.

SICHER, J.   There is presented a difficult and distressing marital problem which is not within the power of any court to solve adequately.   For, among other complications, there is here involved the mathematical impossibility of making an order for support commensurate with the reasonable combined needs of *all* the members of a broken family group accustomed to a comfortable standard of living before the separation.   As stated by Justice PANKEN in *Domb* v. *Domb* (176 Misc. 409, 410, 411): "It is quite conceivable that an order may be made for the support of dependents which is not adequate because of the inability of the person chargeable to meet an adequate order.   The ability of the respondent, as well as the need of a dependent, may govern the amount of the order."

The parties intermarried on June 17, 1942, and are the parents of a child "Martha" (born July 15, 1943).

It was for each a second marriage.   Petitioner's first marriage had been annulled, and respondent's first marriage was terminated by divorce.

Petitioner had also a child by her first husband, "Catherine" (born August 30, 1934).   Respondent knew of "Catherine's" existence at the time of the marriage to petitioner, and she resided continuously with the parties in the marital home until their separation.   Accordingly, respondent is chargeable with that stepchild's support (N. Y. City Dom. Rel. Ct. Act, § 92, subd. [5] and § 101, subd. 5); however, only until her seventeenth birthday anniversary, if and while she would otherwise be a public charge, and to the limited extent of indemnifying the community against the burden of her support.

But for his own child ("Martha") respondent is chargeable with support not merely at that bare subsistence level of public relief budgets but in an amount measured by the child's needs

in relation to the father's ability to provide and station in life (see *" Johnston "* v. *" Johnston "*, 177 Misc. 618, 623; *Prindle* v. *Dearborn,* 161 Misc. 95, 99; *Schacht* v. *Schacht,* 187 Misc. 461; *Helman* v. *Helman,* 191 Misc. 201). And that duty in respect of respondent's own child is the well-established obligation of every father, regardless of the fault of either parent or any financial resources of the mother.

On August 15, 1947, Justice Ruisi entered a temporary order directing respondent to deposit with the Support Bureau $17 a week, beginning that day, and also to pay the rent ($48) and the utilities for the current month. He also ordered a physical examination of petitioner, which was had at Fordham Hospital and resulted in a diagnosis of " hyperthyroidism with menopausal syndrome."

At the close of the second of two full hearings, on September 16, 1947, decision was reserved and the temporary order continued. This opinion has been deferred until today, partly because of pressure of other court business but partly also in the hope that, if allowed time to cool off and to reflect on the disadvantages of a broken home, the parties might effect a reconciliation or at least reach an agreement for a support order (under Dom. Rel. Ct. Act, § 118) or an out-of-court general adjustment. Unfortunately, that now appears to have been wishful thinking. It is therefore necessary to make a disposition.

There can be no doubt that petitioner is addicted to alcohol; it is reported that she was under the influence of liquor even during one of her attendances at this court. However, that is a disability seemingly related to her early menopause and thyroid disturbances; there was shown no more legal justification for respondent's having walked out on his afflicted wife and the children than if she had been stricken with mental illness or other distressing disease.

" 479. Drunkenness alone as a ground. Taken by itself, the fact that a spouse is addicted to alcohol to such degree as to be intoxicated even habitually, does not give rise to a cause of action for separation by the other spouse (*Straub* v. *Straub,* 208 App. Div. 663, 204 N. Y. S. 61). The drunkenness may lead to discord, quarrels, dissatisfaction and misery, but nevertheless it is insufficient to form the basis for the action. It is a weakness of character, or in modern psychiatrical interpretation, an illness requiring medical treatment, which the other spouse must accept together with other personal characteristics.

"§ 480. Drunkenness combined with other acts. Only when the intoxication is followed by assaults, threats of assaults together with the means and ability of carrying them out, abandonment, non-support or other acts which in themselves are good grounds for separation, does the intoxication become of importance in an action for separation (*Mason* v. *Mason,* 1 Edw. Ch. 278; *Kissam* v. *Kissam,* 21 App. Div. 142, 47 N. Y. S. 270; *O'Neill* v. *O'Neill,* 163 N. Y. S. 250). Then it becomes part of the proof of the plaintiff's case and may explain the cause of the other acts of which the plaintiff complains." (Grossman, New York Law of Domestic Relations, p. 338.)

Accordingly, upon the whole record the court hereby finds that petitioner is entitled to support for herself as well as respondent's child (" Martha ") (under Dom. Rel. Ct. Act, § 92, subd. [1]), which empowers this court " To order support of a wife or child or both, irrespective of whether either is likely to become a public charge, as justice requires having due regard to the circumstances of the respective parties."

The sole remaining question is the amount which respondent should be required to contribute at this time toward the support of his wife, child, and stepchild, each of whom is without resources and wholly dependent on him.

As above stated, respondent's present financial ability does not make possible an order sufficient for all the reasonable needs of those three dependents, even though the amount of today's order may require respondent to pull in his own belt as the price of his living separately from them.

His gross earnings as employee of " X " Company from January 1, 1947, to July 26, 1947, were $2,194.17 (i.e., an average of $70.79 per week). His gross earnings for the week ending August 2, 1947, were $91.80; for each of the weeks respectively ending August 2, 1947, and August 9, 1947, $71.47; for the week ending September 13, 1947, $68 a week; not infrequently, $72; and occasionally, even more.

From those gross earnings there are certain deductions, not all of which, however, are allowable in arriving at the proper net-earnings base for today's order.

Allowable deductions are the withholding tax ($4.08, on gross wages of $68); Social Security tax (1 per cent); union dues (50 cents), Associated Hospitalization ($1.13); sick benefit dues (52 cents); approximately $1.25 for insurance of the automobile which he uses partly for business. But there cannot be allowed the deduction of $5 a week towards saving and loan account nor 75 cents for War Savings Bonds.

The assumed base of today's order will be average net earnings of $59 a week.

Respondent has complied with the temporary order except perhaps for the deposit due January 2, 1948, and the payment of the December, 1947, rent ($48). The final order will be substantially the equivalent amount; for it includes provision for rent and contemplates that petitioner will take care of that item and respondent not be called upon to remit direct to the landlord any rent after and for the month of December, 1947.

For the foregoing reasons the court finds that respondent is chargeable with support of petitioner wife and his own child "Martha" according to respondent's means and on a separate maintenance basis but for the stepchild "Catherine" only on a public charge basis; and he is therefore hereby ordered and directed to pay to this court for their support the sum of $29 a week, each and every week, beginning January 9, 1948, until further order of the court; and, in addition, the temporary order installment of $17 due January 2, 1948, and also, direct to the landlord, petitioner's December, 1947, rent ($48), if not already so paid before notice of this decision.

Today's order is, of course, without prejudice to respondent's rights in any subsequent plenary action in the Supreme Court (*Loomis* v. *Loomis,* 288 N. Y. 222) or in a habeas corpus proceeding for the custody of "Martha".

The Bronx Society for the Prevention of Cruelty to Children is hereby requested to make an investigation of the conditions under which the two children are living and to file an appropriate neglect petition in the Children's Court Division if the facts warrant.

Petitioner is also referred to the Catholic Big Sisters for guidance as to her alcoholism, budgeting, and the care of the children.

Notice shall be given to the parties pursuant to the subjoined direction.