In the Matter of HOWARD DU MOND, Respondent.

Children's Court, Delaware County, September 9, 1949.

*Gleason B. Speenburgh* for Emma Du Mond, petitioner.

*Donald M. Fenton* for respondent.

CURTIS, J. The wife of the respondent makes this application to compel him to contribute toward the support of Patricia Du Mond, a child of a former marriage of the petitioner. Having knowledge of the existence of such child at the time of the present marriage (June 18, 1939), he assumed the responsibility of a stepfather under section 31 of the Children's Court Act and section 101 of the Social Welfare Law. The child is nearly fourteen years of age.

Under common-law principles, he was under neither legal nor moral obligation to support this child, and the statutes are strictly construed in favor of the stepfather (*People ex rel. Deming* v. *Williams*, 161 Misc. 573).

The proceedings must be dismissed for the following reasons: (1) The evidence does not establish that the child is likely to become a public charge. She has reached nearly the age of fourteen years without public relief. Her mother has a permanent position as a trained nurse and has accumulated savings of $500. The welfare officers have taken no interest in this proceeding. The home occupied by the father is owned by the parents as tenants in entirety, and while this interest produces no income for the mother, it would interest the welfare officers as a source of reimbursement. (2) The liability of the respondent under section 101 of the Social Welfare Law is limited to cases where the relief is sought by a welfare officer (*People ex rel. Deming* v. *Williams*, 161 Misc. 573, *supra; People ex rel. Wagstaff* v. *Matthews*, 168 Misc. 188; *Glowsky* v. *Gitlin*, 25 N. Y. S. 2d 957). (3) Considering the strict construction to be given to section 31 of the Children's Court Act, and to the procedure outlined in section 31-c, the right of the mother to enforce subdivision 5 of section 31 is very doubtful. In any event, to preserve its

constitutionality, it must be construed as not retroactive and as not applying to this marriage which was solemnized prior to the enactment of the statute (*Matter of Kane* v. *Necci*, 245 App. Div. 1). (4) The liability, if any, is limited to the extent of indemnifying the community against the burden of her support. It is not measured by the father's ability to provide. It is fixed at the bare sustenance level of a public relief budget ('' *Morgan* '' v. '' *Morgan* '', 191 Misc. 53). Evidence has been produced as to the respondent's earnings, but none as to the sustenance level of relief in the community which might be affected. (5) Subdivision 4 of section 31 contemplates one proceeding of broad scope, maintainable by the welfare officer, against all persons who might be responsible, including the mother and grandparents. This subdivision and subdivision 5 are in *pari materia* and must be construed together. Subdivisions 4 and 5 cannot be enforced unless the grandparents are parties to the proceeding. In a proceeding solely against the stepfather, the court cannot comply with the statute and '' determine and apportion the amount that each person shall be required to contribute ''. An order may be entered dismissing the proceeding.