Smyth, J.
This a proceeding brought under article III-A of the Children’s Court Act to secure such support for the minor children of the marriage, as justice requires, having due regard to the circumstances of the respective parties (§ 30-a).
The parties were married quite some years ago, and have three children, a son in college and two daughters in hoarding schools. By the terms of the separation and maintenance agreement, the custody of the children was given to the wife. Subsequently, a Nevada divorce was secured and eventually both parties remarried.
The agreement in addition to providing $3,000 per annum for petitioner’s support (par. 8), provides $125 per month for the support of the children while at home (par. 9), and for payment of tuition, board, etc., for the girls while in hoarding schools (par. 10), with a corresponding reduction of the $125 to $50 *27 per month (par. 11). Specifically excepted was the cost of clothing for the girls. The agreement did not obligate the respondent to maintain the son at college because it was assumed that the maternal grandfather would defray this expense. He has withdrawn his support and respondent now recognizes this obligation. No further provision was made for the personal expenses of the children, nor for the cost of maintaining a proper domicile for them to which they might return from school or college, during weekends and vacations, which usually account for one third of the year. The agreement provided that “ Except for the husband’s obligation with respect to the wife and the children as provided in this Agreement, he shall have no further obligation to contribute to the maintenance, education, and support of the wife and the children, and except as so specifically assumed by him hereunder, the wife undertakes to provide for the balance of the children’s maintenance, education, and support. ’ ’
Insofar as this agreement purports to relieve the husband in whole or in part from his obligation to support his children and places same on the petitioner by contract, it is unenforcible and does not constitute a defense. (Garlock v. Garlock, 279 N. Y. 337; Haas v. Haas, 298 N. Y. 69; Van Dyke v. Van Dyke, 278 App. Div. 446; Horowitz v. Horowitz, 197 Misc. 260.)
Consequently we have here only partial recognition of the respondent’s obligation. For this reason, and because there has been a radical change in the circumstances of the respective parties since the agreement was made, disabling the wife from carrying out her agreement to support the children, even if she were inclined or required to do so, and amply enabling the father to provide for all their needs, a proper case is presented for invoking the jurisdiction of this court. (Langerman v. Langerman, 303 N. Y. 465; Matter of “ Morgan ” v. “ Morgan ”, 187 Misc. 714; Harless v. Harless, 192 Misc. 5; James v. James, 59 N. Y. S. 2d 460.)
After the sale of the substantial family domicile which the family occupied prior to the separation, petitioner rented a home for $227.50 per month. The cost of heating was $1,000 per year, total $3,730 per year. She managed to meet all expenses over and above the modest sums provided by respondent out of her $3,000 per year, her share of the proceeds from the sale of the substantial domicile, and from the income and part of the principal of a trust fund left to her under her mother’s will. When she remarried this alimony ceased and she found her other resources had diminished. She was there *28 fore compelled to rent a small home at $90 per month, which is inadequate to properly house her family.
On the other hand respondent came into an inheritance of approximately $750,000. He was the life beneficiary of an income of a trust established under the will of his grandfather. This trust was successfully attacked as violating the statute against perpetuities, and he became entitled to and did receive in absolute ownership, his portion of the corpus of the trust.
There is ample evidence in the record as to the standards of living which the family enjoyed prior to its dissolution, and it is evident that the parents contemplated sending the children to boarding schools and colleges, and maintaining them in a manner befitting their station in life. The petitioner testified to the cost of maintaining the children for “ the past year ” as summarized in her affidavit of September 28, 1954. These were her best estimates and were received in evidence without being seriously challenged. Similarly she gave her. estimates as to the cost of maintaining them in the future, as summarized at page 9 of said affidavit. It will be observed that these latter estimates included a proportionate share of rental, heat, “ personal services ” and general upkeep of adequate quarters, not the small home. Any award for the future should therefore be conditional upon the petitioner’s accomplishing her evident desire to secure a proper residence for herself and her children.
The present needs of the children will be served by the respondent’s paying:
(a) One half the rent and cost of heating the small home, commencing September 1, 1954.
(b) All items in connection with boarding schools for the girls as mentioned in paragraph 10 (whether or not covered by the $2,450 hereafter mentioned).
(c) All similar expenses for the son at college. (At present the respondent is paying $1,800 per year for his tuition, board and lodging.)
(d) Clothing for the son, $800 per annum (this is an increase over petitioner’s estimate which did not include summer clothes).
(e) Clothing for the girls, $600 per annum each.
(f) Food at home, $220 per annum for each child.
(g) Share of automobile expense, $200 for each child. (It being usual for families to maintain a family car.)
(h) All medical, surgical, hospital and dental expenses.
(i) All travel expense not included in allowances for school or college.
*29 (j) A reasonable allowance, $500 per annum for each of the two girls, and $700 for the son. (This latter being the sum which respondent is now paying.)
As to rent, heat, personal services, and general maintenance of the domicile referred to in petitioner’s affidavit above mentioned, the children should be charged one half of the cost, the other half to be charged to the petitioner and her husband for their share of the occupancy. The rent of the small home is $90 per month. It would be unreasonable to charge $500 per year as each child’s share of the upkeep, maid service, laundry, etc., in connection with these modest premises. Some allowance is warranted at this time. I would estimate $250 per child per annum. The petitioner is unable to provide a proper home for the children, befitting their station in life, until she is assured that the respondent will contribute as he should to these costs. In my opinion, she is entitled to establish such domicile, and a cost not exceeding $3,760 per year for rent and heat (the actual cost for “ the past year ”) would be moderate. When and if she does so, the children should bear one half of the same together with “ personal services ” as estimated at page 9 of the affidavit, in equal shares.
As to summer vacations, camps, dancing classes and the like, it is reasonable that the parties confer together as provided in the agreement. No provision is made for reductions during periods when the father has the children with him, for the reason that he has not exercised such privilege heretofore, and does not seem likely to do so. It will be noted, however, that the foregoing eliminates the payment of $125 per month and $50 per month while the children are away from home.
To recapitulate: The maximum cost to the respondent after establishing a proper home for the children will be approximately $14,960 per annum, for fixed items as shown by the following tables:
Son:
College .....................................$1,800
Allowance .................................. 700
Clothing.................................... 800
Food at home............................... 220
Share of auto............................... 200
Share of rent, etc. ........................... 600
Share of upkeep, personal services............ 500
Total...................................$4,820
*30 Each daughter:
Boarding School ............................$2,450
Allowance .................................. 500
Clothing.................................... 600
Food at home............................... 220
Share of auto............ 200
Share of rent, etc............................ 600
Share of upkeep, personal services............ 500
Total for one daughter..................$ 5,070
Total for two daughters.................$10,140
As the custody is given to the mother, I think it would be well to have all amounts paid to her in equal monthly installments in advance, with the exception of the fixed items for tuition, board and lodging at school and college, which may be paid directly by the respondent to the respective institutions.
The respondent contends that he cannot afford to pay more than he is paying at present, as it would represent too large a percentage of his income. The law does not confine a man’s families, under all circumstances, within the limits of his income.
“ The obligation of the husband to provide his wife and children with the necessaries of life suitable to their condition is to be measured with reference to his pecuniary ability, honestly exercised, or his pecuniary resources; that is to say, those'things might properly be deemed necessaries in the family of a man of generous income or ample fortune which would not be required in the family of a man whose earnings were small and who had saved nothing. The husband is bound to provide for his wife and children ‘ whatever is necessary for their suitable clothing and maintenance, according to Ms and their situation and condition in life. ’ (Keller v. Phillips, 39 N. Y. 351, 354.) The husband’s pecuniary ability, therefore, may be an element to be considered upon the trial of the action if any question is raised as to the character of the expenditures for which the wife seeks reimbursement.” (De Brauwere v. De Brauwere, 203 N. Y. 460, 464-465.)
The respondent elected to remarry, thus assuming new obligations. He established a trust fund for his second wife yielding her $5,000 per year. A large part of his inheritance is invested in low income bearing securities. He is able to maintain a home in New York and another in California for his wife and stepson, and to send the latter to an expensive day school, and take an extensive foreign trip which was not charged as business *31 expense. He elects not to work and thus provide additional income. These circumstances raise a question as to the extent to which the issue of the first marriage must suffer from the father’s assumption of new responsibilities by remarriage. (“ Johnston ” v. “ Johnston ”, 177 Misc. 618, 623; Helman v. Helman, 190 Misc. 991, and also causes us to reflect that the support of a stepchild is a qualified liability. Children’s Court Act, § 31, Matter of Du Mond, 196 Misc. 14; “Morgan ” v. “ Morgan ”, 191 Misc. 53.)
In my opinion, the children of the first marriage are entitled to support in accordance with their father’s means and their station in life, and his capital should not be exempt from invasion to a reasonable extent during their minority, to provide for their maintenance, support and education.
Submit order accordingly on three days’ notice, effective as of September 1, 1954.