■    CLARICE C. SHEFFER, Appellant, v. JOEL B. COFFIN, Respondent.— Appeal from an order of Children's Court, Columbia County. This is a filiation proceeding instituted in pursuance of article VIII of the Domestic Relations Law, which governs the support and education of children born out of wedlock. The Children's Court has granted an order of filiation and the complainant appeals to this court only as to the amounts which the respondent has been directed to pay for the support of the child. Respondent contends that the appeal should be heard at the Special Term rather than in the Appellate Division. The Domestic Relations Law provision is that "An appeal in all cases" arising under article VIII may be taken to the appropriate Appellate Division (§ 136). Jurisdiction "for the purpose of this article" (i.e., art. VIII) is conferred on the Children's Court (§ 122, subd. 3). The last section of article VIII (§ 139) provides that "All provisions of * ✚ * statutes inconsistent with or repugnant to the provisions of this article shall be considered inapplicable to the cases arising under this article". The "General Provisions" article of the Children's Court Act (art. V) provides that an appeal may be taken from any final order or judgment of the Children's Court to the Appellate Division "except that" an appeal "from a final order requiring payment for support" may be taken to the Special Term (§ 43). The reported cases in which this question has been passed upon are not filiation cases, but involve the responsibility for support of children as between married parties. (*People* v. *Bennett*, 243 App. Div. 578; *Matter of Samuels* v. *Samuels*, 245 App. Div. 902.) Since the order now on appeal is a "final order" of a "court having jurisdiction" within the literal language of section 136, in a proceeding authorized by article VIII of the Domestic Relations Law, it literally comes within the class of cases in which an appeal to the Appellate Division is authorized and this literal reading of the statute is given a heavier cast on the question of legislative intent when section 139 is read alongside it making inapplicable any other statute inconsistent with the provisions of this article. Read consistently, therefore, orders of Children's Courts providing for support are appealable to the Special Term; but where they are made in filiation proceedings they are appealable to the Appellate Division. We feel required to take jurisdiction and the motion to transfer the appeal to the Special Term is denied. The father paid, or there was paid on his behalf for prenatal and postnatal care and for the child's board and room to January 23, 1954 the sum of $1,249.76. He did not pay for support thereafter, and from January 24, 1954 to the date of the Children's Court decision, January 16, 1956 the appellant paid, or there was paid on her behalf, some $1,771.74, of which some $630 was medical expenses. The Children's Court directed the defendant-respondent to pay $500 of this sum for the period between January 24, 1954 and January 16, 1956, an average of roughly $5 a week; and directed him to pay $5 a week from the date of the order. The theory of this decision was that since section 120 of the Domestic Relations Law provides that "the parents" shall be responsible for the support

of a child born out of wedlock, that support ought to be divided in half. The plural word " parents " in that sense does not prescribe a fractional mathematical formula. It does not mean that the parents shall equally pay; it means, rather, that public authority may look to both parents for support of children born out of wedlock, and that the court may apportion responsibility fairly. It certainly does not mean that where a father has voluntarily provided for prenatal care and board for the mother of his child that after the birth she shall allow the father as a credit against the actual maintenance of the child the amount that was voluntarily paid for her prenatal and postnatal care and board. This, however, is in part the theory of the Children's Court in fixing the amount of $500 as the share of the father for the two-year period during which there was expended on behalf of the mother $1,771.74. We think the statute ought to be construed to apportion between father and mother fairly and justly, according to varying circumstances and conditions, the burden of supporting a child born out of wedlock. Order modified by directing that the father pay $750 for the period January 24, 1954 to January 16, 1956; and the sum of $9 a week from the latter date; and as thus modified the order is affirmed, without costs. Bergan, J. P., Coon, Halpern and Gibson, JJ., concur; Zeller, J., not voting.