Mario Pittoni, J.
This is an appeal from an order of the Children’s Court of Nassau County (Hon. Walter L. Terry, Acting Judge) whereby respondent was required to make payments for the support of his minor children. The petitioner also seeks to review other determinations of the trial court embodied in the written order providing for payments for support. It is arguable that none of these matters are within the jurisdiction of this court upon the appeal from an order for support as provided by section 43 of the Children’s Court Act, and both parties have in fact served notices of appeal from the same order to the Appellate Division, Second Department, thereby safeguarding their rights to a determination by a court having jurisdiction. (See Matter of Samuels v. Samuels, 245 App. Div. 902; People v. Bennett, 243 App. Div. 578.)
The difficulties of this family have been for some years before this court. After a bitterly contested matrimonial litigation, the husband and wife entered into a separation agreement in 1950, with the knowledge of this court; and thereafter a divorce decree was obtained in Alabama by the wife from the husband. This decree embodied provisions for support contained in the separation agreement, namely that the husband would pay the wife $250 per month for her support, and the further sum of $100 per month for each of three of their minor children.
In 1958 the wife secured her appointment in the Children’s Court as guardian ad litem for the children, and commenced this proceeding on the theory that the provision made for the children by the Alabama decree was no longer fair and reasonable according to the father’s means.
The hearings on this issue were protracted, and the petitioner was allowed a considerable degree of latitude in her endeavors to establish the father’s present financial position. There is ample proof in the record warranting the final action of the Children’s Court in directing the payment of $750 per month for the support and maintenance of the infants Jane and Nancy. The third child attained his majority before the making of the order. The order of October 31,1959, insofar as it provides for *322 such payment, and for the payment of extraordinary medical and dental expenses, is affirmed.
Insofar as the father attacks this order because of the “ dismissal” of the proceeding by the Children’s Court Judge on October 22, 1958, it is the opinion of this court that it was within the power of the Children’s Court Judge to vacate such order. This was in fact done on November 28, 1958, and thereafter the matter was referred to Judge Terry, County Judge and Judge of the Children’s Court of Delaware County, as Acting Judge of the Children’s Court of Nassau County. (Judge Gehrig had disqualified himself and refused to take any further part in the proceeding.) This court is accorded by law no power to review either of these orders. The order appealed from, insofar as it provides for payments for support, is the only order reviewable on this appeal (Children’s Court Act, § 43).
Insofar as the notices of appeal seek to review other determinations of the court, they are mostly beyond the jurisdiction lodged in this court; they will, however, be separately considered.
The petitioner complains that the allowance is insufficient, and asserts that she was unduly limited by the trial court in her attempts to establish the income and financial means of her former husband. The inquiry was in fact very extensive, and it was within the discretion of the Trial Judge to terminate it as he finally did. With that exercise of discretion this court will not interfere; nor will it say that the amount fixed for the support of the children should have been any larger.
The petitioner seeks to review the action of the Children’s Court in fixing the bond to be given by the husband pursuant to section 33-k of the Children’s Court Act, at $2,500, thereby reducing to that amount the bond of $5,000 posted by the respondent while the proceeding was pending. Review is also sought of the action of the Children’s Court in refusing to retain continuing jurisdiction of the respondent. These were matters in the discretion of the Children’s Court Judge with which this court sees no reason to interfere, even if it had the power. As to the matter of “ continuing jurisdiction ” over the respondent, it is by no means clear that the court has lost or can renounce any jurisdiction over him which has been obtained, or reclaim any which has been lost.
As to the refusal of the Children’s Court to make any allowance for the support of Stephen Matthews, the Children’s Court was correct. He became 21 years of age during the pendency of the proceeding and before the making of the order appealed from; and the Children’s Court has no further power to provide for his maintenance by the father.
*323 Neither did the Children’s Court have power to provide for any retroactive effect of the order. An order for temporary support was made by Judge Terry in 1958, and no provision of the Children’s Court Act authorizes a retroactive order. In fact, an order for payment to petitioner of previously incurred indebtedness made at an earlier stage of this proceeding was reversed by this court (Babin, J.) in 1958.
The remaining question is the right of the petitioner, as guardian ad litem, to an allowance for counsel fees and expenses. Since no allowance was in fact made, but on the contrary, the application therefor was specifically denied, it is questionable that this court has any power to review this determination. It is not clear from the record whether the refusal of the Children ’s Court to make such an allowance was done in the court’s discretion, or because of a doubt as to its right to make one. The Children’s Court Act makes no specific grant of such power, nor has any case been called to the court’s attention sustaining the existence of such authority. The petitioner argues that it exists as a necessary incident of the power accorded the Children’s Court with respect to the appointment of guardians (Children’s Court Act, § 6, subd. 1); but whatever the law may be, this court will not attempt upon this appeal to review this aspect of the order.
The order of the Children’s Court is affirmed. Submit order.