Anthony M. Livoti, J.
This action was tried before this court without a jury upon a stipulation of facts made by parties in open court. Plaintiff moved (1) to dismiss defendant’s first affirmative defense of no jurisdiction, (2) to dismiss defendant’s second affirmative defense of res judicata, and (3) for leave to amend the complaint pursuant to notice served by increasing the amount requested for legal expenses from $10,000 to $15,000.
This is an action instituted by the plaintiff as guardian ad litem of her infant children, Nancy and Jane Matthews, for necessaries consisting of (1) counsel fees, (2) accounting fees, (3) guardian fees and disbursements for services rendered to the said infants in conjunction with a support proceeding under the Children’s Court Act of the State of New York (§§ 30, 30-a) against the defendant commenced in the Children’s Court of Nassau County, which was necessitated by the fact that the defendant, who alleges to be a resident of the State of Florida and who has been absent from the State of New York for over 10 years, failed to support his infant children in accordance with his financial means and ability.
The court has examined the voluminous files of the proceedings had in the Children’s Court, the Supreme Court and the appellate courts (15 Misc 2d 419, 443; 11 A D 2d 813; 8 N Y 2d 1137; 9 N Y 2d 790; 23 Misc 2d 320; 27 Misc 2d 548; 14 A D 2d 546), all of which indicate that the said services rendered were necessary and proper for the protection of the said infants, in which procedures the plaintiff acted in good faith and with due regard to the best interests of the infants, and which actions were justifiable. The proceedings in the Children’s Court resulted in an increase of support for the said infants from $200 per month to $750 per month, plus extraordinary medical and dental expenses which the defendant herein is now compelled to pay. By a further decision rendered from *683 the Bench in the Children’s Court of Nassau County on October 25, 1961, the defendant is compelled to pay, in addition to the $750 per month support, the sum of $2,500 per college year, commencing with the 1960/61 school year, for the college expenses of the infant Nancy (16 N. Y. Jur., Domestic Relations, § 662, pp. 213, 214; International Textbook Co. v. Connelly, 206 N. Y. 188, 195). This was the result of an appeal from an order of the Children’s Court of Nassau County entered on February 7, 1961, which denied plaintiff’s application to direct defendant to defray the college expenses of said infant. Said appeal was taken by plaintiff to the Special Term of the Supreme Court (27 Misc 2d 548) and to the Appellate Division (14 A D 2d 546) which reversed said order of the Children’s Court of February 7, 1961.
The defendant challenges the instant action by interposing the following affirmative defenses: first, alleges defense of no jurisdiction in that when defendant was served with summons he was immune as he was in the jurisdiction as a voluntary witness; and second, alleges defense of res judicata in that the Children’s Court already refused to allow plaintiff legal and accounting expenses and disbursements and guardian ad litem fees.
The plaintiff, by motion herein, seeks to dismiss defendant’s first and second affirmative defenses.
As to the first affirmative defense of defendant’s amended answer, the summons in this action was served upon the defendant as he was leaving the courthouse on the date of the final hearing in the Children’s Court on May 15, 1959. At the time defendant was served with the summons, he was attending the Children’s Court as a respondent who was commanded to appear pursuant to a bail bond. Hence his appearance was compulsory and not voluntary (Rosenblatt v. Rosenblatt, 110 Misc. 525). As was stated by Cardozo, Ch. J., in People ex rel. Wolfe v. Johnson (230 N. Y. 256, 259), “ The constructive custody of the bail becomes, in such circumstances, the equivalent of the actual custody of the sheriff (Taylor v. Taintor, 16 Wall. 366, 371) ”. Defendant being in this jurisdiction under compulsion by law, the privilege from liability for other criminal and civil prosecution which attaches to those who voluntarily come within the jurisdiction of the court does not apply. (Dwelle v. Allen, 151 App. Div. 717; Netograph Mfg. Co. v. Scrugham, 197 N. Y. 377.) Accordingly, the plaintiff’s motion to dismiss defendant’s first affirmative defense contained in paragraphs “ eighth ”, “ NINTH ”, “tenth”, “ ELEVENTH ” and “ TWELFTH ” of the defendant’s amended answer is granted.
*684 As to the plaintiff’s motion to dismiss defendant’s second affirmative defense of defendant’s amended answer constituting the defense of res judicata in that the Childrefn’s Court already refused to allow plaintiff legal and accounting expenses and disbursements and guardian ad litem fees, it is well-settled law that the orders of the Children’s Court are not res judicata on questions on nonsupport. The orders of the Children’s Court in support proceedings are not conclusive on the issue of nonsupport but may be considered with other evidence in the determination of such issues. (Gelardi v. Gelardi, 205 Misc. 348; Loomis v. Loomis, 288 N. Y. 222.) As a court of limited jurisdiction, the powers and jurisdiction of the Children’s Court must be found within the precise language of the statutes creating them and it follows that the court has only such powers and such jurisdiction as is specifically conferred upon it by statute. (Matter of Hagadorn, 11 Misc 2d 51.) The establishment of the Children’s Court is authorized by section 18 of article VI of the New York State Constitution which provides, in part: “ The legislature may establish children’s courts, and courts of domestic relations, as separate courts, or as parts of existing courts or courts hereafter to be created, and may confer upon them such jurisdiction as may be necessary # * * and to compel the support of a wife, child, or poor relative by persons legally chargeable therewith who abandon or neglect to support any of them.”
Section 30-a of the Children’s Court Act enumerates the statutory powers of the Children’s Court. Section 92 of the Domestic Relations Court Act of the City of New York enumerates the statutory powers of said court, which, in substance, are similar to section 30-a of the Children’s Court Act. However, although the Legislature by chapter 342 of the Laws of 1958 amended section 131 of the Domestic Relations Court Act of the City of New York by granting the said court power in its discretion to allow counsel fees to the attorney representing the wife against the husband in any hearing or trial of support proceeding under section 92, it did not grant any power whatsoever to the Children’s Court to do likewise. Further, by chapter 213 of the Laws of 1961, effective April 3, 1961, said section 131 of the Domestic Relations Court Act of the City of New York was amended to provide for counsel fees for wife in proceedings for herself and her children, “or by her on behalf of her children only ”. (Italics supplied.) Hence, it is crystal clear that the Children’s Court was and is without necessary statutory authority as granted to the Domestic Rela *685 tions Court by chapter 342 of the Laws of 1958 and by chapter 213 of the Laws of 1961, to allow counsel fees, etc., to the attorney representing the plaintiff, on behalf of her children, in said proceedings. Accordingly, the plaintiff’s motion to dismiss defendant’s second affirmative defense consisting of paragraphs “ THIRTEENTH ”, “ FOURTEENTH ”, “ FIFTEENTH ”, “ SIXTEENTH ”, “SEVENTEENTH”, “ EIGHTEENTH ”, “NINETEENTH”, “ TWENTIETH ” and “ twenty-first ” of the amended answer, is granted.
The instant action brought by the plaintiff, the defendant’s former wife, is not brought to recover any money for herself, but is brought for the benefit of and in behalf of the infant children. The husband (defendant herein) has not been divorced by his children, nor absolved of his liabilities to them. The children are entitled to support, maintenance and education in accordance with his financial means and ability (Laumeier v. Laumeier, 237 N. Y. 357; Van Dyke v. Van Dyke, 278 App. Div. 446, affd. 305 N. Y. 671; Brock v. Brock, 4 A D 2d 747; Matter of “Fletcher ”, 1 Misc 2d 25). Our courts are not bound by support provisions for children contained in a separation agreement, but are mandated to provide for their support and welfare as “justice requires ” (Brock v. Brock, supra). As revealed by the proceedings had in the Children’s Court, the defendant’s financial holdings are substantial. The defendant’s elected absence from this jurisdiction for a period of over 10 years and his continued disregard for the equitable requirements of his children necessitated the remedy resorted to by the plaintiff in the Children’s Court. The plaintiff, as guardian ad litem for the infants, conducted a lengthy, complicated and hard-fought proceeding against the defendant which resulted in a substantial increase in benefits to the infants, and which incurred legal, accounting, disbursements and other expenses. All of these constitute necessaries for the said infants which the plaintiff, as guardian ad litem, supplied. The defendant is under the natural obligation to furnish these necessaries for his infant children. (Van Valkinburgh v. Watson, 13 Johns. 480; De Brauwere v. De Brauwere, 203 N. Y. 460; 16 N. Y. Jur., Domestic Relations, § 628, p. 184.)
It is well settled that necessaries are not limited to food, clothing, habitation and education (Children’s Court Act, § 30-a; Dravecka v. Richard, 267 N. Y. 180, 183; Matter of Vanderbilt, 129 Misc. 605, 607) but also include, among other things, the right of counsel. There can be no doubt, as a matter of law, that legal service rendered to an infant to enforce his right is a necessary for which his father is liable. (Elder v. Rosen *686 wasser, 238 N. Y. 427; Matter of Kaufman, 272 App. Div. 323, affd. 297 N. Y. 814.)
The plaintiff’s motion which seeks leave to amend the complaint to increase the amount requested for legal expenses as contained in the amended complaint from $10,000 to $15,000 is granted. The original complaint herein, in part, covered legal services rendered to the plaintiff as guardian ad litem for the infants up to and including May 4, 1959. Subsequent to said date, the plaintiff was compelled, in the interest of the infants, to complete the hearing before the Children’s Court, to prosecute and defend certain appeals, which necessitated additional legal services which are fully described in the affidavits of the attorney for the plaintiff, and of the plaintiff. These services by the attorney for the plaintiff are conceded by the attorney for the defendant to have been so rendered in the said stipulation submitted to the court.
The plaintiff, by order of the Children’s Court, was duly and properly appointed guardian ad litem of the said infants since the commencement of the proceedings in the Children’s Court and is still acting as such. It is clear that rule 43 of the Rules of Civil Practice provides for compensation for the guardian ad litem and her attorney, together with all expenses, which amount is within the authority and power of this court to fix. As stated above, all of the services rendered by the guardian ad litem and her attorney were necessary and proper for the protection of the said infants in the proceedings had in the various courts and were justifiable and successful. A history of the proceedings indicates that had the defendant been willing to support his infant children in accordance with their needs and his financial means and ability, all of these lengthy proceedings would have been unnecessary. Under the circumstances of the instant action, there can be little question that the court’s discretion should be exercised in favor of awarding counsel fees, accounting fees and disbursments to the guardian ad litem, all of which constitute necessaries for the said infants. (Dravecka v. Richard, supra; Elder v. Rosenwasser, supra; Matter of Vanderbilt, supra.) However, the court feels restrained from awarding a guardian fee to the plaintiff herein inasmuch as she is the mother of the said infants and as such owes them the obligation to protect their rights and to prosecute in their behalf without realizing any gain to herself personally. Therefore, justice requires that an award be made in this action to the plaintiff only for the services of her counsel, the services of the accountant, and the disbursements advanced by the plaintiff.
*687 The fee of the attorney is fixed at $12,500; the accounting fee shall be $500; the plaintiff shall be reimbursed for the expenses advanced in the amount of $450, pursuant to rule 43 of the Rules of Civil Practice, which I direct to be paid by the defendant to plaintiff.