In the Matter of HELEN S., Petitioner, *v.* STANLEY S., Respondent.

Family Court, Dutchess County, January 24, 1967.

*R. Donald Slee* for petitioner. *Marshall L. Brenner* for respondent.

RAYMOND E. ALDRICH, JR., J. Helen S., as petitioner brings this proceeding against her husband, Stanley S., as respondent, under article 4 of the Family Court Act, to require him to contribute to the support of herself and three infant children born to her prior to her marriage to the respondent.

At the hearings, both parties were represented by counsel, both testified, and the petitioner called three witnesses.

While the proceeding involves both sections 412 and 415 of the Family Court Act, the latter one causes the greater attention of the court in view of respondent's contention that his liability as a stepfather for support of his stepchildren is predicated upon his having knowledge of their existence prior to his marriage, although no mention of such prior knowledge is made in the statute as a condition for liability thereunder.

Between the time the petition was made on April 11, 1966, and the matter finally heard due to adjournments and hearings, section 415 of the Family Court Act was amended, effective April 30, 1966 (L. 1966, ch. 256). However, the amendment did not alter or change the liability of this respondent as a stepparent for the support of minor children, since the amendment merely substituted the words "spouse or parent" for "husband, wife, father, mother or child" and included a "patient in an institution" as a recipient of such support. Therefore, for this decision, the amendment is of no consequence, and the statute in effect when the petition was filed and this decision made holds a stepparent "of a recipient of public assistance or care * * * if of sufficient ability", responsible for the support of such person. The three children involved herein have been and are recipients of public assistance.

At first impression it would seem that section 415 of the Family Court Act is clear and certain. Nowhere in the section is any mention made of knowledge and this court is unable to even infer from the language of the section that such knowledge is a prerequisite to liability. Nor can this court find any decision made since the enactment of the statute on September 1, 1962, which rests upon the existence of any such knowledge. Respondent cites numerous decisions supporting his contention that such knowledge must be proven before liability attaches, however, all of them are founded upon former section 31 of the Children's Court Act, and subdivision 5 of section 101 of the New York City Domestic Relations Court Act, both of which were repealed upon the enactment of the Family Court Act. The question presented is whether this respondent's present liability for the support of his stepchildren is predicated upon his knowledge of their existence prior to his marriage even though section 415 of the Family Court Act clearly contains no reference to such knowledge as an incident to liability.

Under the common law, a husband had no obligation to support his stepchildren. Nor was there a moral one. Later, however, an obligation was imposed by statute when the Legislature enacted the Domestic Relations Court Act (L. 1933, ch. 482) and subsequently section 31 of the Children's Court Act of the State

of New York, effective May 12, 1942 (L. 1942, ch. 810). On August 27, 1960, the date of the marriage of the parties, section 31 of the Children's Court Act provided that a stepparent was legally chargeable with the support of a minor step child likely to become a public charge " provided it is shown to the satisfaction of the court that such stepparent had knowledge of the minor child's existence at the time of said stepparent's marriage ". The prospective nature of section 31 was passed upon in *Matter of DuMond* (196 Misc. 14). See, also, *Matter of Kane* v. *Necci,* 245 App. Div. 1; *Matter of Glowsky* v. *Gitlin,* 16 Misc 2d 768, involving Domestic Relations Court Act, § 101, subd. 5, which was similar in terminology to Children's Court Act, § 31).

Therefore when the parties in the instant case were married, the liability of the respondent to support his stepchildren was a qualified one conditional upon his having prior knowledge of their existence. He had a substantive right created by statute in the form of knowledge. But this right clearly does not exist under section 415 of the Family Court Act. Does this mean this respondent is now deprived of a right he had when he entered into the marriage relationship — the union which created his liability?

As to their operation, statutes are deemed either prospective or retrospective, with the former being presumed over the latter. A prospective statute contemplates the future and therefore applies to the factual situation existing after its enactment, while a retrospective statute changes legal conditions resulting from past acts, and applies to acts which took place or rights which existed prior to its enactment. Unless a contrary legislative intent appears from a reading of the statute, our courts have universally held they are to be construed as prospective. (*Jacobus* v. *Colgate,* 217 N. Y. 235; *Orinoco Realty Co.* v. *Bandler,* 233 N. Y. 24; *People* v. *Cohen,* 245 N. Y. 419.) Nowhere can I find from a reading of section 415 any clear legislative intent that its provisions should be retrospectively applied so as to change rights and liabilities which accrued prior to the effective date of the Family Court Act. We must presume that when the Legislature enacted section 415, this governing body was conscious and aware of the expressions of section 31 of the Children's Court Act, and we cannot presume that the Legislature would remove from its new enactment the requirement of prior knowledge of the existence of children and then make the new statute retroactive without affirmatively declaring such to be its intent, nor can we assume that the Legislature mistakenly overlooked such an important ingredient as knowledge

of the existence of stepchildren before creating liability. To now create a legal liability on behalf of this respondent not predicated upon his knowledge of the existence of his step-children would create a hardship which would be arbitrary and unconscionable in the light of our legislative enactments and judicial interpretations. Accordingly, I hold that section 415 of the Family Court Act is not retroactive in its effect.

Since the substantive rights and liabilities of the respondent were determined at the time of his marriage, which was prior to the enactment of the Family Court Act, he cannot now be held liable under section 415 of the Family Court Act for the support of his stepchildren unless he had knowledge of their existence at the time of his marriage.

The morals of the petitioner leave much to be desired in this court's opinion. Prior to her marriage she had four illegitimate children, three who are the subject of this proceeding and one born to her by the respondent on January 30, 1960. At the time of this last child's birth, the parties were living together without the benefit of a formal marriage. The respondent has accepted this child as his own and he is residing with and being cared for now by him. Petitioner claims she informed respondent of the existence of her three children, and took him to Newburgh on two occasions prior to their marriage to visit two of the children who were then placed in a foster home by the Department of Public Welfare and also went with the respondent practically every night to her mother's home where the other child lived or would have this child come down to her house where she was living with the respondent before their marriage. This evidence was contradicted by the respondent who denied going to see the two children in Newburgh before their marriage or even seeing the other child until after the marriage. The witnesses called by the petitioner were unable to support her assertions, in fact the driver on one of the two occasions to Newburgh said the trip was made in 1961, then said he did not remember the day, and then could not recall if it was in 1959, 1960, 1961, 1962 or 1963. From the believable evidence, I find that respondent did not know of the existence of these three stepchildren prior to his marriage. Accordingly, I must dismiss that portion of the petition which seeks to hold him liable for their support.

A statute under which the respondent might have been liable for the support of his stepchildren, although he had no knowledge of their existence at the time of his marriage, is section 101 of the Social Welfare Law. This section was in existence at the time of the marriage of the parties herein and imposed

then, and does now, liability upon stepparents for the support of minor stepchildren without conditioning such liability upon the knowledge of the existence of the children. However, relief under this statute cannot be sought by this petitioner since remedy thereunder is reserved for the public welfare official. (Social Welfare Law, §§ 101, 102; Family Ct. Act, § 422; *Matter of Du Mond,* 196 Misc. 14, *supra.*)

While the petitioner originally asked for support for herself, no evidence was adduced upon the trial about her needs and in effect she abandoned her claim.

The temporary order herein before made will be revoked, all arrears cancelled, and the petition is dismissed.