THE PEOPLE OF THE STATE OF NEW YORK on Complaint of MARGARET COLEMAN, Appellant, *v.* JOSEPH FERMOILE, Respondent.

Fourth Department, September 28, 1932.

*Roy H. Ernest,* for the appellant.

*Burt A. Duquette,* for the respondent.

THOMPSON, J. On complainant's motion to punish respondent for contempt because of his failure to make payments of money in accordance with the directions of an order of filiation, the court made an order, which contained, among other provisions, the following: " And, it being admitted in open Court that the said Margaret Coleman, said petitioner married Joseph Kugler on the 26th day of October, 1929, and since the making of said order herein on the 27th day of July, 1929, * * *, it is

" Ordered and adjudged, that the said order of filiation made herein on the 27th day of July, 1929, be modified by eliminating therefrom the provision therein requiring the said defendant to

pay for the support of said child of said petitioner the sum of Five Dollars ($5.00) per week, or any other sum or sums, for the support of said child from the date hereof for the reason that the said Joseph Kugler, husband of said Margaret Coleman, is now legally responsible for the care and maintenance of said child under the provisions of Section 125 of the Public Welfare Law of the State of New York.

"And it is further ordered and adjudged that the bond given by the said defendant, pursuant to the said order, made herein on the 27th day of July, 1929, be and the same is hereby cancelled."

Complainant has appealed from the part of the order above set out, on the ground, *first*, that the child did not become the step-child of its mother's husband upon her marriage to him, and *second*, that in any event such marriage did not relieve defendant from liability for support of the child. Although the rule differs in various jurisdictions, in this State the marriage of the parent of a child born out of wedlock to a person not the parent of the child, makes such person the step-parent of the child. (*Matter of Larsen* v. *Harris Structural Steel Co., Inc.*, 230 App. Div. 280.)

Section 125 of the Public Welfare Law does not impose an absolute duty on a stepfather to support his minor stepchild. It only requires him to furnish such support if he is of sufficient ability to do so, and the child is or is liable to become a public charge. The section is in derogation of the common law, and should be strictly construed. "At common law a husband is not bound to support the children of his wife by a former marriage." (Shouler Marr., Div., Sep. & Dom. Rel. [6th ed.] 709, 710.) "It is well settled that a person is not entitled to the custody or earnings of the children of his wife by a former husband, nor is he bound by law to maintain them." (*Williams* v. *Hutchinson*, 3 N. Y. 312, 317.) The record fails to show the existence of the facts necessary to establish the responsibility of complainant's husband for the support of his wife's child under the provisions of section 125 of the Public Welfare Law, above mentioned.

The liability of the defendant for the support of his illegitimate child is clearly imposed upon him by the provisions of section 120, subdivision 1, of the Domestic Relations Law (as added by Laws of 1925, chap. 255). His liability was fixed by a valid order of filiation entered in accordance with the provisions of section 127 of the Domestic Relations Law (as added by Laws of 1925, chap. 255), which declared the paternity of the child. The paternity of the child having been established, the liability of the father for its support and education became absolute.

Nothing in section 125 of the Public Welfare Law or elsewhere gives defendant ground or right to be relieved from his duty to

obey the provisions of the filiation order. Section 131 of the Domestic Relations Law (as added by Laws of 1925, chap. 255) provides that the court shall have continuing jurisdiction to increase or decrease the amount fixed by the order of filiation until the judgment has been completely satisfied. We find no other provision of law giving the court authority to change the terms of the order in this case. As already appears, the circumstances do not bring the case within this section. In our view the provision of the Public Welfare Law making a step-parent of a child liable for its support in no wise modifies the liability of defendant to obey the mandate of the order of filiation and support his child. This he must do until he has fulfilled the judgment whether or not at any time the person who has married the mother of the child becomes responsible for its support.

That part of the order appealed from should be reversed, with ten dollars costs.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and matter remitted to the Children's Court for further proceedings.