ANONYMOUS, Petitioner, *v.* ANONYMOUS, Respondent.

Domestic Relations Court of City of New York, Family Court Division, Kings County, June 9, 1939.

*Harry Berger*, for the petitioner.

*Max Lustig*, for the respondent.

WHITNEY, J. This proceeding is brought on behalf of two children respectively nine and eleven years old for support by their father. The children live with their mother, now divorced from their father. The divorce was obtained in Florida, and the father of the children appeared in the Florida action. The decree gave custody of the two children to the mother and contains no provision for support of either mother or children; although as to the former fact, this is immaterial, as the mother seeks no support for herself. The mother has remarried and, together with the two children, lives with the second husband. All the parties are now residents within the jurisdiction of this court. The respondent presents two defenses: one that no jurisdiction lies because of the provisions of section 137 of the Domestic Relations Court Act, of the City of New York and the other that the stepfather of the children has a primary liability for their support.

1. As to the first, the respondent contends that this proceeding can be maintained only if it be shown that there is a change of circumstance since the decree was entered, or that the children are in danger of becoming public charges. I hold that section 137 is not applicable in this case. This is an application for children and it is well settled that where children are concerned the failure to make provisions in such decree does not bar proceedings against persons properly liable for the support of children. There are interesting questions that arise out of the provisions of section 137 including the question as to whether it applies to any except decrees in New York State, but it is unnecessary to go into these questions in view of the holding above made.

The rule as to support of children under these circumstances is well stated as follows: " The duty of the father to provide reasonably for the maintenance of his minor children, if he be of ability, is a principle of natural law. And he is under obligation to support them not only by the laws of nature but by the laws of the land. * * * It is not the policy of the law to deprive children of their rights on account of the dissensions of their parents to which they are not parties; or to enable the father to convert his own misconduct into a shield against parental liability." (*Pretzinger* v. *Pretzinger*, 45 Ohio St. 452; 15 N. E. 471.)

This position is also maintained by the New York cases. It is stated: " It will not be presumed * * * that the innocent

children of a marriage should be deprived of their right to support and maintenance by the father simply because the mother, in conducting an action for divorce, was content to accept a judgment without provision for * * * her children's support." (*White* v. *White*, 154 App. Div. 250.)

The same ruling was made in a proceeding to charge a defendant with disorderly conduct and to compel support for an infant child at the time when the Magistrates Court had jurisdiction of support cases. There, too, the parties were divorced. Mr. Justice Cobb of this court, then chief magistrate, held: "The duty to support a child springs from the law of nature, and a denial of support, with no fault of the child, is abhorrent, no matter what the sins of either parent may have been." (*Commissioners of Public Charities ex rel. Myers* v. *Myers*, 33 N. Y. Cr. Rep. 517.)

In the case of *Matter of Zammataro* v. *Zammataro* (245 App. Div. 710), where an application for an order of support for wife and child had previously been denied in an action in the Supreme Court, the Domestic Relations Court (Family Division) made an order for the support of the minor child, holding the child entitled to support whether or not he was about to become a public charge. The Appellate Division affirmed this order for the child's support, without opinion. But on page 27 of the record on appeal will be found the statement of Mr. Justice Hill of the lower court: "I rule that that [*i.e.*, the matter of being or being in danger of becoming a public charge] is not an issue where the question is for support of the child."

This position has not been accepted in all jurisdictions at all times. A legal note on the subject begins: "It is an obscure question whether the common law imposed any legal duty upon a parent to support a minor child." The author then proceeds to the statutes beginning with that of the year 1601, so often quoted as 43 Elizabeth, chap. 2, whereby the obligation is established by statute. After consideration of the cases opposed, the author states: "This doctrine must be discarded. Sociologically, the doctrine is entirely without justification. The State is vitally interested in the proper education and maintenance of children, both from a pecuniary and from a social viewpoint. (*Kelley* v. *Kelley*, 317 Ill. 104.)

"The dissensions of parents and their comparative misconducts, or the award of custody and the right to services, are factors practically irrelevant in the determination of which parent is best able to support the child. Equity * * * has been guided only by the criterion of the child's best interests." (42 Harvard Law Rev. 112, 114.)

The text book authorities best known in this field lay down the same rule. It is said: " The courts today are considering the good of the children rather than the protection of the father and it seems to be the view of the most recent cases on the subject that divorce does not change the father's liability to support." (1 Schouler, Marriage, Divorce and Separation [6th ed.], § 796. See, also, 2 Bishop, Marriage, Divorce and Separation, § 1223.)

This duty is sustained in a long line of New York court decisions. Indeed at this time, it is difficult to conceive of any serious question of this duty. (*Van Valkenburgh* v. *Watson*, 13 Johns. 480; *Michaels* v. *Flach*, 197 App. Div. 478; *DeBrauwere* v. *DeBrauwere*, 203 N. Y. 460; *People* v. *Gross*, 161 Misc. 514; *Laumeier* v. *Laumeier*, 237 N. Y. 357; *Dumay* v. *Dumay*, 217 App. Div. 773; *Matter of Orlins* v. *Orlins*, 159 Misc. 202.)

2. The present husband is the stepfather of these two children. If he refused or failed to contribute to their support in accordance with his means, a proceeding in this court under certain circumstances would undoubtedly lie. (Dom. Rel. Ct. Act, § 92, subd. 5; § 101, subd. 5; Public Welfare Law, § 125.) But the assumption that he replaces the father as to maintenance is not supported by common law or statutory law; or as far as this Court can learn, by decisions anywhere. (*People* [*Complaint of Coleman*] v. *Fermoile*, 236 App. Div. 388.) On the contrary, all the authority is on the side of making the obligation of the father a primary obligation. Moreover, the stepchild provision is wholly dependent on the likelihood of the child being or becoming a public charge. This is clearly different from the provision for a child (Dom. Rel. Ct. Act, § 92, subd. 1) which provides support " as justice requires having due regard to the circumstances of the respective parties." The provision for support of a child is certainly on a broader basis and has deeper roots than the provision for support of stepchildren.

The father of the children has been shown by his own testimony to be able to contribute to the children's support. The mother is without means. The stepfather has been supporting the children and is willing to have them continue in his household under the care of their mother and to some extent to bear their support. The father of the children is in receipt of the same salary that he had when the children and his former wife were part of his household and occasionally earns certain bonuses. He was able at that time to pay a rental of sixty dollars per month, send his children to camp for part of the summer and otherwise live in some comfort, if not luxury. At the present time, he is spending the same amount in rent for himself (he has not remarried). He has taken on, he testifies, an additional burden in that he now contributes about ten

dollars per week to his mother's support. He testifies that he spends his full income and leaves sickness and a few other items unprovided for. Nevertheless, from all the figures given by him and expenditures for his own vacation, it is clearly possible for him to reduce his living expenses in order to make the necessary contribution for the support of his children. The stepfather is a professional man who testifies and produces his books to show that his income has been greatly reduced in the last several months. Full testimony was taken on the cost of the support of these two children. I herewith find the respondent liable for contribution to the support of the two children and make an order for seven dollars and fifty cents per week for each.