Bell, J.
We are concerned here primarily with the last two subdivisions of Section 2105.06, Revised Code, the pertinent portions of which read as follows:
“When a person dies intestate having title or right to any personal property or to any real estate or inheritance in this state, such personal property shall be distributed and such real estate or inheritance shall descend and pass in parcenary, except as otherwise provided in Chapter 2105 of the Revised Code, in the following course:

ÍÍ* * *

“(I) If there are no next of kin, to stepchildren or their lineal descendants, per stirpes;
“ (J) If there are no stepchildren or their lineal descendants, escheat to the state.”
Simply, our problem is this: Does the word, “stepchildren,” as used in subdivision (I) of Section 2105.06 include illegitimate as well as legitimate stepchildren ?
Counsel for the city of Cleveland, to which the bulk of the estate involved will escheat if the above question is determined in the negative, contend that the term, “stepchildren,” as used in the statute of descent and distribution should be construed in what they term its usual and ordinary sense, i. e., as applying only to legitimate children born as a result of a former marriage of a husband or wife.
Little support for the city’s position can be found in the *319 Ohio cases it cites to us (Staker, Gdn., v. Industrial Commission, 127 Ohio St., 13, 186 N. E., 616; Miller, a Minor, v. Industrial Commission, 165 Ohio St., 584, 138 N. E. [2d], 672) because they are cases arising under the Workmen’s Compensation Act and were concerned only with' the question whether an illegitimate child is a child of Ms father and entitled to benefits under the act. Such cases in no wise are pertinent to the question whether an illegitimate son of a woman is the stepchild of the man whom the woman subsequently marries.
In the case of Thornburg v. American Strawboard Co., 141 Ind., 443, 40 N. E., 1062, 50 Am. St. Rep., 334, it is said:
“As generally understood, the husband of one’s mother by a subsequent marriage is a stepfather; strictly speaking, therefore, a man who marries the mother of a bastard child does not become the stepfather of such child.”
The court in that case, however, was construing a statute, which permitted a ‘“father” to sue for the injury or death of a “child,” and the real basis of the court’s decision is found in these words:
“The word father, therefore, does not mean stepfather, nor does the word child mean stepchild * *
Through a somewhat tortuous statutory history, the illegitimate child has progressed from his position of nullius films (Blackwell, Gdn., v. Bowman, Exr., 150 Ohio St., 34, 80 N. E. [2d], 493) to one in which he may inherit both from and through his mother, either directly or collaterally (Section 2105.17, Revised Code). Although it must be conceded that the legitimization of an illegitimate child can be accomplished still only in a limited fashion, there is no question that his position so far as his ability to inherit is concerned has been consistently improved. And there can be no doubt that under our present statute an illegitimate child, so far as his mother is concerned, has as much right of inheritance as does a legitimate child.
If the illegitimate child is entitled to take under Section 2105.06, Revised Code, it can only be by virtue of an affinity between him and the decedent. Affinity has been defined as the “connection existing, in consequence of marriage, between each of the married persons and the kindred of the other.” Cyclopedic Law Dictionary (3 Ed.).
*320 There has not been, nor certainly can there be, any question as to the kinship between an illegitimate child and his mother. And the subsequent marriage of that mother creates an affinity between her kindred and the man she marries. Pigford Bros. Construction Co. v. Evans, 225 Miss., 411, 83 So. (2d), 622; Larsen v. Harris Structural Steel Co., Inc., 230 App. Div., 280, 243 N. Y. Supp., 654; Simpson v. State Compensation Commissioner, 114 W. Va., 814, 174 S. E., 329; Hernandez v. Supreme Forest Woodmen Circle (Tex. Civ. App.), 80 S. W. (2d), 346; Lipham v. State, 125 Ga., 52, 53 S. E., 817, 114 Am. St. Rep., 181; People v. Fermoile, 236 App. Div., 388, 259 N. Y. Supp., 564; Jones v. Jones, 161 Misc., 660, 292 N. Y. Supp., 221. Is that affinity terminated by the happenstance that she predeceases her husband? We think such a result is not required either by our statute or by the weight of authority in this country.
Our statute of descent and distribution provides simply that, under certain circumstances, property shall descend and be distributed to stepchildren. It makes no distinction between legitimate stepchildren and illegitimate ones. And we see no impelling reason for our making such distinction, particularly when to make it would result in an escheat. During her lifetime, Blanche Lewis ’ son was her husband’s stepson, regardless of the circumstances of his birth, and he continued to be such a stepson after her death.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taft, Matthias and Herbert, JJ., concur.
Peck, J., not participating.