Argued September 18, affirmed November 10, 1972

BUNTING ET AL, *Respondents, v.* JURAS ET AL
(No. 375-880), *Appellants.*
502 P2d 607

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellants. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Stanley A. Sitnick,* Portland, argued the cause for respondents. With him on the brief was Legal Aid Service, Southeast Office, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

This case involves an attack on the validity of Oregon Public Welfare Division Rule 5.436. This rule became effective December 15, 1971. The only part pertinent to the issue before us creates the presumption that the income of a stepfather is an available resource of a child who is eligible for benefits under the Aid to Dependent Children (ADC) provisions of the Social Security Act of 1935 as amended. 42 USC § 601 et seq. (1971); ORS 418.035 to 418.175. The plaintiffs and the class they represent are all mothers receiving ADC benefits on behalf of children who would have their ADC benefits reduced or terminated by the operation of Rule 5.436. They brought suit for a declaratory judgment decreeing that Rule 5.436 is invalid because among other reasons its effect is contrary to a regulation of the Department of Health, Education and Welfare (HEW) governing the enactment of such a rule. 45 CFR § 233.90 (a) (1972).

The circuit court found that Rule 5.436 was invalid because the conditions of the federal regulation were not met. It issued an injunction preventing its enforcement by the defendants who are the Administrator of the Public Welfare Division and the Director of the Department of Human Resources of the State of Oregon. This appeal resulted.

The defendants concede that this court has the power to declare Rule 5.436 invalid if it is inconsistent with the requirements of the federal regulation. Rule 5.436 regulates the disbursement of federal funds and

is valid only if it meets the requirements of the federal statutes and regulations enacted pursuant to them. *Cf. King v. Smith,* 392 US 309, 333, 88 S Ct 2128, 20 L Ed 2d 1118 (1968).

The central issue to be decided in this appeal is whether ORS 109.055[1] is a "* * * State law of general applicability which requires stepparents to support stepchildren to the same extend [sic] that natural or adoptive parents are required to support their children * * *." 45 CFR § 233.90(a) (1972). If ORS 109.055 is not such a law then Rule 5.436, which is conditioned upon ORS 109.055, is invalid.

The problem facing this court is not so much to interpret ORS 109.055 and Rule 5.436 as it is to determine what meaning should be given to the language of the federal regulation. A literal reading of the regulation would seem to require that all stepparents be legally obligated to support *all* of their stepchildren to the same extent as natural or adoptive parents. The Oregon statute (ORS 109.055) clearly does not meet this test because as its caption indicates it concerns "Relationship of child with certain stepparents." ORS 109.055 creates a legal obligation to support a stepchild in only a limited situation. We note that the requirements for creating the legal obligation of a

---

[1] ORS 109.055:

"(1) In cases where a child is in need because of the death of his parent or the failure or inability of such parent to pay child support in an amount adequate to meet the child's needs, the stepparent of a child 18 years of age or younger when the child and the stepparent are residing in the same home shall be responsible for the support of the stepchild in an amount commensurate with the stepparent's financial status and abilities.

"(2) Notwithstanding subsection (1) of this section, the legal duty of a parent to provide support for a child, as otherwise required by law, shall not be affected."

stepparent parallel very closely the requirements for a finding a child is dependent and thus eligible for ADC benefits. ORS 418.035. In upholding the validity of this HEW regulation the United States Supreme Court stated:

"* * * HEW might reasonably conclude that only he who is as near as a real or adoptive father would be has that consensual relation to the family which makes it reliably certain that his income is actually available for support of the children in the household. HEW may, in other words, reasonably conclude that an obligation to support under state law must be of 'general applicability' to make that obligation in reality a solid assumption on which estimates of funds actually available to children on a regular basis may be calculated.

"Any lesser duty of support might merely be a device for lowering welfare benefits without guaranteeing that the child would regularly receive the income on which the reduction is based, that is to say, it would not approximate the obligation to support placed on and normally assumed by natural or adoptive parents * * *." *Lewis v. Martin*, 397 US 552, 558-59, 90 S Ct 1282, 25 L Ed 2d 561, 566-67 (1970).

This discussion justifies a belief that the HEW regulation would require the state law to apply to a broader class of stepparents, and not just those stepparents whose stepchildren would otherwise be eligible for ADC benefits.

The defendants argue that the HEW regulation does not require that all stepparents bear the same responsibilities toward their stepchildren as natural or adoptive parents bear toward their children. They urge that the HEW regulation should be interpreted as requiring that a stepparent be obligated to sup-

port his stepchildren to the same extent as a natural parent only "within the welfare framework," i.e., when the child would otherwise be eligible for welfare. It can be argued that the purpose of the federal regulation is to ensure that where a state presumes that the stepparent's income is available to support a child the stepparent is under a legal obligation to do so. Based on this purpose the defendants urge that Rule 5.436 is valid because ORS 109.055 creates such an obligation upon a stepparent in this situation.

Under this interpretation of the meaning of the HEW regulation, 45 CFR § 233.90(a) (1972), Rule 5.436 is invalid because ORS 109.055 does not create a legal obligation for a stepparent to support a stepchild in all situations where the child's welfare need has been measured under the presumption that his stepparent's income is available for his support. A child who is 19, 20 or 21 years old is eligible for ADC benefits in certain conditions. ORS 418.035(1)(e). ORS 109.055 at the most limits the obligation of a stepparent to those cases where the stepchild is 18 years old or younger. Thus, ORS 109.055, regardless of its own validity, does not create a legal obligation in all situations within the welfare framework. Rule 5.436 is, therefore, invalid, even under this interpretation of the meaning of the HEW regulation.

We do not reach a decision on the precise construction to be given to the HEW regulation. HEW has the authority to give meaning to its own regulation by holding a hearing to determine if the Oregon state plan is in compliance with the federal requirements. 42 USC § 604 (1971). We have no knowledge of how HEW construes its own regulation.[9] Because of our conclusion that Rule 5.436 is invalid even if the HEW

regulation is to be construed very narrowly we see no need to speculate as to how the HEW regulation should be construed.

Rule 5.436 is invalid and the decree of the circuit court is, therefore, affirmed.

---

[2] If this case were being heard in a federal court, the court would be able to gain the benefit of having HEW explain its own regulation. Cf. Rosado v. Wyman, 397 US 397, 407, 90 S Ct 1207, 25 L Ed 2d 442, 452 (1970).