- Stanley Gartenstein, J.
The difficult question before this court is whether or not it is compelled to order a stepfather to support three children not his own when their natural father has committed himself to spending protracted time in the workhouse rather than comply with a support order; and where such, action by the court will assuredly precipitate a breakup of the present marriage.
The facts are undisputed. The children in question receive public assistance. The Department of Social Services is the petitioner, the stepfather, the respondent. There is no. dispute that he knew of the existence of1 his stepchildren, when he married their mother. The court takes judicial notice of an order in this very court against the natural father which has been willfully and contumaciously disobeyed. The within proceeding has so disrupted this marriage .which is just about surviving *814 financially, that the spouses feel that divorce is their only response to any order against respondent. The liability of respondent, being derivative as an offshoot of his marriage, would terminate upon divorce.
Knowing this fact, is the court whose aim is the preservation and strengthening of families before it bound to render an order of support and thereby almost assuredly destroy the marriage?
' SOCIAL SERVICES LAWS GENERALLY
The social services laws of this State are, in a manner of speaking, an imposed public policy mandated by the laws of the United States. Because of a multitiered structure of Federal, State and local funding, the instrumentality which pays the lion’s share, in this case, the Federal Government, dictates the terms of any State and/or local laws. States and cities thus find themselves in the position of being compelled to tailor their laws to certain Federal guidelines which have been criticized for being at once overly broad and inordinately restrictive. Millions of dollars in Federal aid are dispensed in New York under this statutory scheme in the category known as Aid to Families with Dependent Children (AFDC) (see U. S. Code, tit. 42, § 601 et seq.). As summarized in Slochowsky v. Lavine (73 Misc 2d 563), the Federal guidelines are binding upon States participating in the AFDC program (King v. Smith, 392 U. S. 309; Townsend v. Swank, 404 U. S. 282). These Federal regulations provide for Federal reimbursement on behalf of stepchildren whqre liability for their support is imposed by State law against all ■stepfathers generally rather than against stepfathers of children receiving public assistance only (Code of Fed. Reg., tit. 45, § 233.90, subd. [a]). Where the law of the 'State does not impose general liability for support of all stepchildren regardless of whether or not they are public charges, the State cannot apply the stepfather’s entire income toward the support of the stepchild (Code of Fed. Reg., tit. 45, § 233.90, subd. [a]).
New York conforms its statute to the Federal guidelines (L. 1970, ch. 517, § 1).
NEW YORK LAW-STEPCHILDREN
As pointed out in Kane v. Necci (245 App. Div. 1, app. dsmd. 269 N. Y. 13), there was no common-law obligation to support stepchildren. The liability is entirely statutory and New York restricts it to situations in which the stepchildren are public charges or likely to become same (Family Ct. Act, § 415). Accordingly, the 'State of New York does not impose “ gen *815 eral ’ ’ liability for support of stepchildren as contemplated by subdivision (a) of section 233.90 of title 45 of the Code of Federal Regulations (Slochowsky v. Lavine, 73 Misc 2d 563, supra). In pursuance of this reasoning, Mr. Justice Harnett, speaking in Slochowsky, enjoined the State Commissioner of Social Services under article 78 of the CPLR from applying a stepfather’s entire income in computing the extent of his liability.[1]
While it is clear that the court’s obligation to render an order is discretionary, it is equally clear that this discretion must be exercised under criteria mandated by higher judicial authority (see Department of Welfare v. Siebel, 6 N Y 2d 536, app. dsmd. 361 U. S. 535; Mercer v. Mercer, 26 A D 2d 450).
The court’s hands are tied and it must render an order against this respondent. However, if it be true under Slochowsky that the Social Services authorities are enjoined from applying a stepfather’s entire income for the support of a stepchild, then the corollary thereof must also be true and this court is not bound to apply respondent’s full income toward support at a time when petitioner itself1 . would stand enjoined from doing 'So.
The court holds that inasmuch as the petitioner pays such proportionate share of the rent on the marital domicile as the children bear to the entire household, that the extent of respondent’s liability shall be the obligation to pay the full rent himself. Since the petitioner has the right to reduce its payments on behalf of a recipient of public assistance by the amount of any order of this court, the practical result of this decision is in effect the granting of leave to petitioner to reduce its allowance to the children by the amount it allows them for rent.
It is unnecessary to reiterate the fact that the entire structure and concept of the social service laws from the Federal level down to that of smallest political subdivision of a State have been criticized by all shades of political and social opinion. The monumental need for reform is constantly cited by political conservatives and liberals alike. These reforms are long overdue.

. Decisions in this State now appear to be evenly divided. There have been four adjudicated cases, split evenly, all in various stages of appeal, of which Slochowsky is a representative example and whose reasoning most conforms to to that of this court. A definitive ruling would appear to be forthcoming in Freda v. lavine, now before the Second Circuit Court of Appeals (-F. 2d -).