**Joanne FREDA, on behalf of herself and her infant children Steven White, et al., Plaintiff-Appellee,**

v.

**Abe LAVINE, Individually and as Commissioner of the Department of Social Services of the State of New York, Defendant-Appellant,**

**Jule M. Sugarman, Individually and as Commissioner of the Department of Social Services of the City of New York, Defendant.**

No. 180, Docket 73–2010.

United States Court of Appeals, Second Circuit.

Argued Nov. 29, 1973.

Decided March 29, 1974.

---

John C. Gray, Jr., Brooklyn, N. Y. (Douglas J. Kramer and Brooklyn Legal Services, Brooklyn, N. Y., on the brief), for plaintiff-appellee.

David R. Spiegel, Deputy Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., of N. Y. and Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for defendant-appellant.

Before MOORE, HAYS and TIMBERS, Circuit Judges.

HAYS, Circuit Judge:

In February, 1972 plaintiff applied on behalf of her three children for benefits under the program for providing Aid to Families with Dependent Children (AFDC). Pursuant to a New York regulation, 18 N.Y.C.R.R. § 352.31(a)(2),[1] defendant included in its computations of the children's needs a credit consisting of all the income of Freda, the children's stepfather, without inquiring whether that income was actually available to the children. Plaintiff brought this action to challenge this regulation and the denial of benefits.

Plaintiff asserted three claims under the constitution and invoked jurisdiction under 28 U.S.C. § 1343(3) and (4) (1970). A fourth claim alleged a conflict between the state regulation and a federal regulation.[2] The district court

1. The regulation reads in pertinent part:
"352.31 Estimate of need and application of income. (a) *For applicant or recipient.*

. . . .

"(2) All available and unrestricted income of an applicant or recipient and of the spouse, if in the home, including support payments required to be made by a parent pursuant to an order of the family court or other appropriate court, shall be prorated and applied against the needs of the applicant, the spouse and the minor children of either or both. . . . "

2. The federal regulation, 45 C.F.R. § 233.90(a), reads:
"§ 233.90 Factors specific to AFDC.
"(a) *State plan requirement.* A State plan under title IV-A of the Social Security Act [relating to AFDC grants] must

held that this claim did not fall within 28 U.S.C. § 1343(3) and (4), but that it could hear the claim under the doctrine of pendent jurisdiction. The district court held that the New York regulation did contravene the federal regulation and therefore enjoined defendants from applying the New York regulation.

On this appeal we do not reach the merits, but hold that the district court should have abstained pending clarification of state law by the state courts.

■ The attitude of the Supreme Court toward the abstention doctrine has changed markedly from time to time.[3] Often the Court has failed to elaborate its reasons for its decisions on crucial aspects of the doctrine. See H. M. Hart & H. Wechsler, The Federal Courts and the Federal System 991 (Bator et al. 2d ed. 1973). It is clear, however, that abstention is a discretionary power of a court of equity faced, as was the district court here, with a prayer for an injunction. Railroad Commission v. Pullman Co., 312 U.S. 496, 500–501, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

Appellee contends that abstention is unnecessary because the state law is clear. However, several recent New York state court decisions involving the identical issues presented here seem to contradict that claim. In In re Slochowsky, 73 Misc.2d 563, 342 N.Y.S.2d 525 (Sup.Ct., Nassau Co., 1973), the court described the New York provisions for support of children by stepparents as "a confusing statutory scheme." Id. at 564, 342 N.Y.S.2d at 527.

Three other recent New York cases have dealt with the same claims presented here. In Uhrovcik v. Lavine, No. 72–232 (Sup.Ct., Tompkins Co., 1973) (unreported), aff'd, App.Div., 352 N.Y. S.2d 529 (3rd Dep't 1974), the court noted the Commissioner's claim that New York law does impose a general support obligation on stepparents and rejected that position. However, in two other cases New York courts apparently held that the New York law imposes on stepparents an obligation of support. Crawford v. Sugarman, 169 N.Y.L.J. Jan. 4, 1973, at 19, col. 2 (Sup.Ct., Bronx Co., 1973); Wallace v. Lavine, 170 N.Y.L.J. Aug. 10, 1973, at 2, col. 3 (Sup.Ct., N.Y. Co., 1973). The absence of written opinions makes it difficult to determine the bases for these decisions. We cannot assume that they do not entail interpreta-

---

provide that the determination whether a child has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, or (if the State plan includes such cases) the unemployment of his father, will be made only in relation to the child's natural or adoptive parent, or in relation to the child's stepparent who is ceremonially married to the child's natural or adoptive parent *and it legally obligated to support the child under State law of general applicability which requires stepparents to support stepchildren to the same extend* [sic] *that natural or adoptive parents are required to support their children.* Under this requirement, the inclusion in the family, or the presence in the home, of a 'substitute parent' or 'man-in-the-house' or any individual other than one described in this paragraph is not an acceptable basis for a finding of ineligibility or for assuming the availability of income by the State. In establishing financial eligibility and the amount of the assistance payment, only such net income as is actually available for current use on a regular basis will be considered, and the income only of the parent described in the first sentence of this paragraph will be considered available for the children in the household in the absence of proof of actual contributions." [Emphasis added.]

3. During the era of the Warren Court application of the doctrine was narrowly limited. See Reid v. Board of Education, 453 F.2d 238, 241 (2d Cir. 1971); Note, Federal-Question Abstention: Justice Frankfurter's Doctrine in an Activist Era, 80 Harv.L.Rev. 604, 606 (1967). But cases like Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L. Ed.2d 68 (1970), and Askew v. Hargrave, 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971), indicate a greater tendency to resort to abstention. See Reid v. Board of Education, supra, 453 F.2d at 242; H. M. Hart & H. Wechsler, The Federal Courts and the Federal System 993 n. 3 (Bator et al. 2d ed. 1973).

**110**

tions of state law which might eliminate or modify the federal question before us.

Furthermore, the state courts of New York have exhibited a willingness to interpret the state's statutes so as to avoid any doubts about their constitutionality. See Spahn v. Julian Messner, Inc., 21 N.Y.2d 124, 127, 286 N.Y.S.2d 832, 834, 233 N.E.2d 840, 842 (1967); People v. Kaiser, 21 N.Y.2d 86, 103, 286 N.Y.S.2d 801, 815, 233 N.E.2d 818, 828 (1967); Bell v. Waterfront Commission, 20 N.Y. 2d 54, 62–63, 281 N.Y.S.2d 753, 760–761, 228 N.E.2d 758, 763 (1967); People v. Epton, 19 N.Y.2d 496, 505–506, 281 N. Y.S.2d 9, 16–17, 227 N.E.2d 829, 834 (1967); People v. Finkelstein, 9 N.Y.2d 342, 344–345, 214 N.Y.S.2d 363, 364–365, 174 N.E.2d 470, 472 (1961).

■ Thus the relevant New York law is at least somewhat cloudy. The lack of clarity is central to this case. State appellate courts may interpret statutes on which the Commissioner relies to impose a general support obligation on stepparents, thereby eliminating the federal issue. Short of this they may still modify the federal issue. The Supreme Court has often authorized abstention where it might modify or alter the federal question or present it in a different posture. Zwickler v. Koota, 389 U.S. 241, 248–249, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); Harman v. Forssenius, 380 U.S. 528, 534, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965); County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 189, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959). The parties here disagree as to what degree of support obligation the state must impose on a stepparent in order to satisfy the federal regulation. If forced to rely on our own interpretation of state law, we may face a difficult federal question in resolving this disagreement. A state court may interpret state law so as to render the federal question considerably easier.

Abstention will not impose any additional expense on plaintiff. Plaintiff need not institute an independent action in state court. Others have already commenced state suits raising the same claims. Compare County of Allegheny v. Frank Mashuda Co., supra. In Reid v. Board of Education, 453 F.2d 238, 243 n. 9 (2d Cir. 1971), this court said that "[a]lthough the abstention doctrine does not depend upon the pendency of a state court action . . . there is greater reason to abstain when a state court decision may be imminent."

We therefore vacate the decision of the district court and remand. We direct the district court to retain jurisdiction of the case pending resolution of the state law issues by state courts. See Zwickler v. Koota, supra, 389 U.S. at 244 n. 4, 88 S.Ct. 391 (1967); Reid v. Board of Education, supra, 453 F.2d at 244.