Argued July 19, remanded for modification August 26, 1974

# DRAGO, *Petitioner, v.* PUBLIC WELFARE DIVISION, *Respondent.*
### 525 P2d 1065

*Allen G. Drescher,* Coos-Curry Counties Legal Aid, Inc., North Bend, argued the cause and filed the brief for petitioner.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Tanzer, Judges.

TANZER, J.

This is an appeal from an amended order of the Public Welfare Division (PWD) reducing petitioner's benefits under an Aid to Dependent Children (ADC) stepparent grant by $36.84, representing the mother's share of a joint income tax refund received by her and her husband.

Petitioner's household consists of his present wife, their son and petitioner's four stepchildren by his present wife. Petitioner began receiving ADC for his four stepchildren in October, 1973. On February 8, 1974, he notified PWD that he and his wife expected to receive joint state and federal income tax refunds. The family's grant was reduced for one month pursuant to Oregon PWD Executive Bulletin 74-7, Section III, Paragraph A, which provides that "Income Tax refunds received by persons in the assistance grant or by persons whose income is used to reduce the grant * * * is [sic] to be applied as an offset to reduce need * * *." The regulation goes on to pro-

vide that in stepparent cases where a joint return is filed based on the earnings of both parents, 50 percent of the refund (i.e., the estimated share of the natural parent) is to be applied. The reduction here was in the amount of $36.84, representing the share of the refund actually attributable to the wife's income, rather than the 50 percent indicated by a literal reading of the regulation.

Petitioner contends that Executive Bulletin 74-7 conflicts with a regulation of the Department of Health, Education and Welfare (HEW), 45 CFR § 233.20 (a)(3)(ii)(c) (1972), which provides that a state will consider "only such net income as is actually available for current use on a regular basis" in establishing the amount of the assistance payment. Specifically, petitioner contends that Executive Bulletin 74-7 conflicts with case law requiring a finding of fact that income is actually and currently available to meet the needs of the ADC family unit before the state can reduce benefits.

Executive Bulletin 74-7 permits PWD to assume the availability of a tax refund for the support of the taxpayer's children. We must decide whether this regulation is valid or whether petitioner is correct in contending that a specific finding of fact is required.

■ Oregon participates in the federally-financed ADC program under 42 USC § 601, *et seq.,* and Executive Bulletin 74-7, therefore, is invalid if it conflicts with the applicable federal statutes and regulations. *King v. Smith,* 392 US 309, 88 S Ct 2128, 20 L Ed 2d 1118 (1968) ; *Bunting v. Juras,* 11 Or App 297, 502 P2d 607 (1972).

■ HEW has concluded by a more recent regula-

tion that the income of a child's natural parent may be assumed available for support of the ADC family unit.[1] The validity of this regulation was upheld by the Supreme Court in *Lewis v. Martin*, 397 US 552, 90 S Ct 1282, 25 L Ed 2d 561 (1970). Executive Bulletin 74-7, so far as it permits the state to assume the availability of the natural parent's actual share of a joint tax refund in stepparent cases, does no more than the HEW regulation allows[2] and is therefore consistent with federal requirements, reasonable and valid. It follows that a specific finding of fact is not required because the regulation controls.

The cases cited by petitioner do not hold otherwise. These cases fall into two classes. The first prohibits the assumption that the income of various persons other than the natural parent is available for support of the ADC family unit.[3] This case, however,

----

[1] 45 CFR § 233.90 (a) (1972) states:

"A State plan * * * must provide that the determination whether a child has been deprived of parental support or care * * * will be made only in relation to the child's natural or adoptive parent, or in relation to the child's stepparent who is ceremonially married to the child's natural or adoptive parent and is legally obligated to support the child under State law of general applicability * * *. In establishing financial eligibility and the amount of the assistance payment, only such net income as is actually available for current use on a regular basis will be considered, and the income only of the parent described in the first sentence of this paragraph will be considered available for children in the household in the absence of proof of actual contributions."

[2] This court has held that tax refunds are regular income. *Walker v. Juras*, 16 Or App 295, 518 P2d 663 (1974).

[3] *Engelman v. Amos*, 404 US 23, 92 S Ct 502, 30 L Ed 2d 143 (1971); *Lewis v. Martin*, 397 US 552, 90 S Ct 1282, 25 L Ed 2d 561 (1970); *King v. Smith*, 392 US 309, 88 S Ct 2128, 20 L Ed 2d 1118 (1968); *Rodriguez v. Vowell*, 472 F2d 622 (5 Cir), *cert den* 412 US 944 (1973); *Reyna v. Vowell*, 470 F2d 494 (5 Cir 1972); *Gilliard v. Craig*, 331 F Supp 587 (WD NC 1971), *aff'd* 409 US

deals only with the natural parent. Petitioner then cites cases where the courts have prohibited states from assuming current availability of past overpayments where attempts are being made to recoup the overpayments by reducing current grants.④ Executive Bulletin 74-7, however, deals with present income.

■ To hold Executive Bulletin 74-7 generally valid, however, is not entirely determinative of the present case. Here petitioner's wife has a legal obligation under Oregon law to support all five of her children,⑤ although only the four children of her former marriage are covered by the ADC grant. Since one-fifth of the mother's income is legally obligated for the support of a child outside the ADC family unit, it cannot be considered actually available under 45 CFR § 233.20 (a) (3) (ii) (c) (1972). Executive Bulletin 74-7 is so construed and, accordingly, the amended order must be modified to apply only four-fifths of the wife's share of the tax refund, or $29.49, as an offset against the grant.

Remanded for modification.

---

807 (1972), *reh den* 409 US 1119 (1973); *Woods v. Miller,* 318 F Supp 510 (WD Pa 1970).

④ *Holloway v. Farham,* 340 F Supp 336 (ND Ga 1972); *Bradford v. Juras,* 331 F Supp 167 (D Or 1971); *Cooper v. Laupheimer,* 316 F Supp 264 (ED Pa 1970).

⑤ ORS 109.010 provides:

"Parents are bound to maintain their children who are poor and unable to work to maintain themselves * * *."